Argued and submitted September 9, peremptory writ of mandamus to issue
December 30, 2005, writ issued January 31, 2006
See 340 Or 107, 129 P3d 185 (2006)

## STATE OF OREGON,
*Plaintiff-Relator,*

*v.*

## GEORGE WASHINGTON UPTON,
aka Dominique DiGiorgio,
*Defendant-Adverse Party.*

(CC No. 04-419; SC S52316)

125 P3d 713

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for relator. With him on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Jesse Wm. Barton, Salem, argued the cause and filed the brief for adverse party.

DE MUNIZ, J.

## DE MUNIZ, J.

■ This is an original mandamus proceeding. The issue it presents is whether a trial court has the authority under Oregon law to submit certain "sentence enhancement factors"[1] to a jury for factual determination as required under the Sixth Amendment principles articulated by the United States Supreme Court in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000) and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004).

Defendant is charged in a six-count "second superseding indictment" with racketeering (ORS 166.720), two counts of first-degree aggravated theft (ORS 164.057), one count of first-degree attempted aggravated theft, one count of first-degree forgery (ORS 165.013), and one count of falsifying business records (ORS 165.080). The indictment alleges that defendant committed the offenses between August 15, 2003 and April 15, 2004. Each felony count of the indictment also alleges:

> "The state further alleges the aggravating factors of persistent involvement based on the following convictions: 1) December 22, 1980, Fresno County, California Superior Count, Grand Theft - 2 Counts; 2) February 2, 1981, Fresno County, California Superior Court, Theft by Fraud; 3) March 25, 1886, Washoe County, Nevada District Court, Attempt to Obtain Money under False Pretenses, Obtaining Signature by False Pretenses - 2 Counts; 4) June 7, 1991, Eldorado County, California Superior Court, Vehicle Theft; 5) September 13, 1991, Santa Barbara, California Superior Court, Grand Theft; 6) October 4, 1993, Kootenani County, Idaho District Court, Grand Theft."

In addition, counts 1, 2, and 3 of the indictment further allege the aggravating factor of "vulnerable victim." Oregon sentencing guidelines identify the aggravating or sentence

---

[1] The Oregon sentencing guidelines use the words "aggravating factors" to describe facts that a court may rely on to impose a sentence that exceeds the presumptive sentence prescribed in the guidelines for a particular conviction. The parties use both descriptions—"aggravating factors," "enhancing factors," and "sentence enhancement factors." Newly enacted Senate Bill 528 (2005) uses the words "enhancement facts." The words mean the same thing and may be used interchangeably.

enhancement factors alleged in the indictment as justification for the imposition of sentences that exceed the presumptive sentence for each of the felony counts.[2] OAR 213-008-0002(1)(b)(B), (D).[3]

Defendant demurred to the indictment, arguing that aggravating factors could not be alleged in the indictment because an Oregon trial court had no statutory authority to submit an aggravating or enhancing factor to a jury as required under the Sixth Amendment. The trial court refused to dismiss defendant's indictment but nevertheless concluded that "[d]efendant's involvement in past crimes as well as the language regarding vulnerable victim may not be submitted to the jury." The state petitioned for a writ of mandamus and this court issued an alternative writ of mandamus commanding the trial court either to vacate its order or show cause for not doing so. The trial court declined to vacate its order. For the reasons explained below, we conclude that a trial court may submit the determination of sentence enhancement factors to a jury as required under the Sixth Amendment.

After we issued the alternative writ of mandamus in this case, the governor signed Senate Bill (SB) 528 (2005), which authorizes a court to submit to a jury what the bill describes as "enhancement facts." Or Laws 2005, ch 463.

---

[2] The sentencing guidelines, however, do not apply to the allegation that defendant falsified business records because a violation of ORS 165.080 is classified as a Class A misdemeanor.

[3] OAR 213-008-0002(1)(b) identifies a nonexclusive list of facts, which it labels "aggravating factors," on which a sentencing court may rely to impose a sentence that exceeds the presumptive sentence prescribed for a particular conviction. *See State v. Dilts*, 337 Or 645, 651-52, 103 P3d 95 (2004) (summarizing departure process). Those factors include:

"(B) The offender knew or had reason to know of the victim's particular vulnerability, such as extreme youth, age, disability or ill health of the victim, which increased the harm or threat of harm caused by the criminal conduct.

"* * * * *

"(D) Persistent involvement in similar offenses or repetitive assaults. This factor may be cited when consecutive sentences are imposed only if the persistent involvement in similar offenses or repetitive assaults is unrelated to the current offense."

OAR 213-008-0002(1)(b)(B).

Under SB 528, an "enhancement fact" is a "fact that is constitutionally required to be found by a jury in order to increase the sentence that may be imposed upon conviction of a crime." Or Laws 2005, ch 463, § 1(2). The new law provides that the state must give notice to a defendant that it intends to rely on an enhancement fact by pleading the enhancement fact in the accusatory instrument, or by other timely written notice. Or Laws 2005, ch 463, § 2. An enhancement fact that relates to a charged offense, must be submitted to a jury, unless a defendant waives a jury determination of that fact. Or Laws 2005, ch 463, § 3.

■ Because of the potential impact of SB 528 on this and many other pending cases, this court requested that the parties file supplemental briefs addressing SB 528. The parties have done so ably. Defendant contends that SB 528 does not provide authority to submit the determination of aggravating factors to a jury in this case, and that, in any event, SB 528 is unconstitutional for several reasons. Before discussing defendant's constitutional challenges, we observe that defendant's arguments regarding SB 528 are based primarily on defendant's assumption that a trial court lacked authority to empanel a sentencing jury before the enactment of SB 528. Defendant contends that, before SB 528 was enacted, there was no statutory authorization for a trial court to empanel a jury to decide facts solely for sentencing purposes. According to defendant, whether trial courts may empanel a jury for that purpose depends on whether the legislature granted courts that authority in the sentencing guidelines. According to defendant, that authority does not exist. We now turn to that question.

We begin with two pertinent criminal trial statutes that delineate the jury's function. ORS 136.030 and ORS 136.320 provide that questions of fact are for the jury. ORS 136.030 provides:

"An issue of law shall be tried by the judge of the court and an issue of fact by a jury of the court in which the action is triable."

Similarly, ORS 136.320 provides:

> "Although the jury may find a general verdict, which includes questions of law as well as fact, it is bound, nevertheless, to receive as law what is laid down as such by the court; but all questions of fact, other than those mentioned in ORS 136.310, shall be decided by the jury, and all evidence thereon addressed to it."[4]

Read together, ORS 136.030 and ORS 136.320 thus authorize the trial court to submit "all questions of fact" to the jury that a criminal defendant is entitled to have the jury decide. Furthermore, in a criminal trial, ORCP 58 B(8) and 59 B authorize the trial court to instruct jurors regarding any aggravating or enhancing factor that they must resolve. *See* ORS 136.330 (ORCP 58 B and 59 B applicable in criminal trials). In other words, there are statutes that are generally applicable to the conduct of a criminal trial that authorize a trial court to submit sentencing enhancing factors to a jury.

Defendant does not address directly why that general legislative mandate reflected in ORS 136.030 and ORS 136.320 does not authorize a trial court to empanel a jury to resolve questions of fact related to sentencing. Instead, defendant focuses on the sentencing guideline statutes and rules, asserting that certain of those statutes and rules expressly forbid jury participation in the sentencing function.

Defendant's analysis begins with ORS 137.669, which provides that the sentencing guidelines "shall control the sentences for all crimes committed," and that the guidelines "shall be mandatory and constitute presumptive sentences." Defendant also points to OAR 213-005-0001(1), which, consistent with ORS 137.669, describes "gridblocks" that designate presumptive sentences and provides that a "sentencing judge should select the center of the range in the usual case and reserve the upper and lower limits for aggravating and mitigating factors sufficient to warrant a departure."

Defendant next identifies ORS 137.671(1), which provides that a sentencing court may impose a sentence outside the presumptive range if the sentencing court "finds

---

[4] The exceptions noted in ORS 136.310 are not applicable in this case.

there are substantial and compelling reasons justifying a deviation from the presumptive sentence." Defendant notes that OAR 213-008-0001 likewise states that a sentencing court shall impose the presumptive sentence unless "the judge finds substantial and compelling reasons to impose a departure."

Finally, defendant points to OAR 213-008-0002, which sets forth a nonexclusive list of aggravating and mitigating factors and provides that those factors "may be considered in determining whether substantial and compelling reasons for a departure exist." Defendant asserts that the provisions he has identified in the sentencing guidelines and the appellate decisions[5] interpreting them establish that the sentencing guidelines require a judge, not a jury, to determine any aggravating or enhancing factors necessary to justify a sentence beyond the presumptive range.

We agree that the statutes and rules cited by defendant provide that a sentencing court must determine whether substantial and compelling reasons justify a sentence beyond the presumptive range for a particular crime. As we shall explain, however, those statutes and rules do not place any limitation on the use of a jury to make the factual findings necessary to support the imposition of an enhanced sentence.

Under the sentencing guidelines, imposition of a sentence that exceeds the presumptive range requires two steps. First, there must be a determination of whether the state has proved the existence of aggravating or enhancing factors. Second, there must be a determination of whether the factors so proved provide a substantial and compelling reason that justifies imposing a sentence beyond the presumptive range. The statutes and rules cited by defendant, however, do not purport to identify who may make the factual findings that

---

[5] Defendant cites this court's decision in *State v. Dilts*, 337 Or 645, 651, 103 P3d 95 (2004), and the Court of Appeals decision in *State v. Sawatzky*, 195 Or App 159, 167, 96 P3d 1288 (2004), which notes that judicial findings of "substantial and compelling reasons" are a predicate for imposition of a departure sentence. However, we do not agree that the wording to which defendant refers supports a conclusion that the guidelines preclude jury factfinding of the aggravating facts that a court may consider in determining whether "substantial and compelling reasons" support the imposition of a sentence that exceeds the presumptive range.

are the necessary basis for the sentencing court's ultimate determination. OAR 213-008-0002(1), for example, provides only that the nonexclusive list of aggravating factors "may be considered [by the court] in determining whether substantial and compelling reasons for a departure exist." In other words, even if the jury finds that an aggravating or enhancing factor was proved, the court is not required to order a sentencing departure based on that finding.

■      In a related argument, defendant asserts that the relevant sentencing guideline statutes are inconsistent with the Sixth Amendment requirements established in *Apprendi* and *Blakely*, because those cases require the state to prove the existence of aggravating factors beyond a reasonable doubt in order to support a sentence that exceeds the presumptive range. For that proposition, defendant relies on ORS 137.090(1)(c), which requires that a sentencing court, in determinating "aggravation or mitigation," consider any "evidence relevant to aggravation or mitigation that the court finds trustworthy and reliable." Although that provision does not refer to a burden of proof, defendant argues that, because evidence is "relevant" under OEC 401 only if it makes a fact "more probable or less probable than it would be without the evidence," ORS 40.150, the legislative requirement that evidence be "relevant" essentially converts the proceeding into one that allows the court to determine aggravating facts by a preponderance of the evidence. We disagree with defendant's reading of the pertinent statutes. In our view, nothing in the statutes defendant has identified prohibits implementation of the Sixth Amendment requirement that enhancing factors be proved to a jury beyond a reasonable doubt.

■      Before the trial court, defendant made an additional argument to support his contention that the alleged aggravating or enhancing factors cannot be submitted to a jury. In that regard, defendant argued that it would violate the "fundamental fairness" requirement of the Due Process Clause to permit the state to submit evidence of "persistent involvement" in criminal activities enhancing facts to a jury at trial for subsequent sentence enhancement purposes. Such facts defendant asserted, would be unduly prejudicial.

We reject that argument. *Apprendi* and *Blakely* establish that under the Sixth Amendment each aggravating or enhancing factor encompassed with the sentencing guideline statute is essentially a new element of an aggravated form of the underlying offense. Because each aggravating or enhancing factor is a new "material element" of the charged offense, the state must prove that factor to a jury unless a defendant agrees to some other procedure.

In summary, *Apprendi* and *Blakely* extend a criminal defendant's Sixth Amendment jury trial right to the determination of a sentence enhancement factor. The provisions of ORS 136.030 and ORS 136.320—authorizing a trial court to submit all questions of fact to a jury—are consistent with that federal constitutional requirement. Defendant's argument that the text of the sentencing guideline statutes preclude a jury from determining sentencing enhancing factors is unpersuasive. There is a difference between the determination by a jury of aggravating factors and the determination by the court of whether those facts provide substantial and compelling reasons to impose a sentence that exceeds the presumptive range. As explained above, the pertinent sentencing guideline statutes generally refer to a sentencing court's authority to depart based on "substantial and compelling reasons." *See, e.g.*, ORS 137.671 (court may depart "if it finds there are substantial and compelling reasons justifying" the departure). Under *Blakely*, the Sixth Amendment entitles a defendant to have a jury determine any aggravating factor that a court may then use to justify a sentence that exceeds the presumptive range. Nothing in *Blakely* precludes a sentencing court from deciding whether jury-determined aggravating factors constitute a substantial and compelling reason to impose a sentence that exceeds the presumptive range.

We turn next to defendant's arguments regarding the applicability and constitutionality of SB 528. As set out above, SB 528 authorizes a trial court to submit "sentence enhancement facts," to a jury. Such facts are defined as any fact that is constitutionally required to be submitted to a jury in order to support an enhanced sentence. Or Laws 2005, ch 463, §§ 1-7. SB 528 applies to all criminal actions commenced or pending on or after its effective date, as long as a sentence

has not yet been imposed. Or Laws 2005, ch 463, § 21(1), (2). It also applies to any case that has been remanded to a trial court and in which a new sentence has not yet been imposed at the time of the bill's effective date. Or Laws 2005, ch 463, § 21(3). As a result, although the indictment in this case alleges that defendant committed the charged offenses before the effective date of SB 528, its provisions nevertheless apply to defendant under section 21(2).

Defendant makes three primary challenges to the application of SB 528. First, defendant argues that applying SB 528 to his case is an impermissible *ex post facto* application of the law in violation of Article I, section 21, of the Oregon Constitution and Article I, section 10, of the United States Constitution. Second, he contends that this court should invalidate portions of SB 528 because the title does not comply with the requirements set out in Article IV, section 20, of the Oregon Constitution. Finally, defendant argues that SB 528 amends existing sentencing guideline provisions without saying so, thereby violating Article IV, section 22, of the Oregon Constitution, which states that a bill may not revise or amend an existing act unless it is "set forth, and published at full length."

■     Article I, section 21, of the Oregon Constitution provides, in part, that "[n]o *ex-post facto* law * * * shall ever be passed * * *." Article I, section 10, of the United States Constitution similarly provides, in part, that "[n]o State shall * * * pass any * * * ex post facto Law * * *." Generally, the *ex post facto* clauses of both constitutions prohibit retroactive legislation that makes actions criminal after the fact, or increase the punishment for previously committed acts. *State v. MacNab*, 334 Or 469, 475, 51 P3d 1249 (2002); *see, e.g., Stogner v. California*, 539 US 607, 611-13, 123 S Ct 2446, 156 L Ed 2d 544 (2003) (discussing federal *ex post facto* clause). Article I, section 21, also prohibits retroactive alterations of evidentiary rules that make it easier for the state to obtain a conviction. *State v. Fugate*, 332 Or 195, 213-14, 26 P3d 802 (2001).

■     Defendant's *ex post facto* argument is premised on his claim that SB 528 unconstitutionally alters evidentiary rules because "this new scheme helps the state, not just by

restoring its ability to secure aggravated departures, but also by generally allowing the state to present evidence and jury instructions on factors that highlight the aggravated nature of a defendant's crimes in way that the jury otherwise would not hear." Defendant concedes, however, that SB 528 permits bifurcation of the penalty phase from the guilt phase to avoid presenting prejudicial evidence to the jury when it determines guilt. *See* Or Laws 2005, ch 463, § 3(4) (so stating). Moreover, criminal defendants may choose, as they see fit, either a jury or the court to serve as the factfinder for the purpose of determining aggravating factors at sentencing. Or Laws 2005, ch 463, § 3(1)(b)(B).

Nevertheless, defendant argues that by permitting the introduction of evidence and instructions regarding aggravating, but not mitigating, factors, SB 528 "disallows defendant from counter-balancing the prosecution's case on aggravation." We reject that aspect of defendant's argument because it misperceives the manner in which aggravating and mitigating factors operate under the sentencing guidelines. Aggravating and mitigating factors listed in OAR 213-008-0002 are proven independently of one another. Under the sentencing guidelines after *Apprendi* and *Blakely*, a jury need not consider the effect of any mitigating fact to decide whether an aggravating fact exists. Furthermore, it is the court, not the jury that makes the ultimate decision whether aggravating or mitigating facts justify a sentence beyond or below the presumptive range.

■ In our view, SB 528 changes only the method for determining the available punishment; it does not, however, increase that punishment. To the extent that SB 528 changes the quantum of proof required under the sentencing guidelines, it inures to defendant's advantage to require the state to prove any enhancing factors beyond a reasonable doubt. For a statute to violate state or federal *ex post facto* clauses, the statute must at least effect some kind of disadvantageous change upon a defendant. *MacNab*, 334 Or at 475 (so stating). We conclude that SB 528 does not disadvantage defendant in any manner that violates the *ex post facto* clauses of either the federal or state constitutions.

Defendant also appears to argue that SB 528 violates the *Ex Post Facto* Clause and the Due Process Clause of the Fifth Amendment to the United States Constitution because defendant did not receive notice that he might be subject to aggravating or enhancement factors found by a jury. Defendant, however, was on notice that aggravating factors might apply, because the aggravating factors justifying a sentence exceeding the presumptive range were alleged in his indictment and set out in the pertinent statutes. *See* ORS 137.761(1) (court may depart if it determines that "there are substantial and compelling reasons justifying a deviation from the presumptive sentence"); OAR 213-008-0002(1)(b) (nonexclusive list of aggravating factors for upward departure sentences). After *Apprendi* and *Blakely*, a trial court must base an enhanced sentence on facts found by a jury. The new approach does not prejudice defendant; indeed, it vindicates his constitutional rights.

As previously noted, defendant also challenges SB 528 under the "single subject" clause of Article IV, section 20,[6] and the "full text" clause of Article IV, section 22,[7] of the Oregon Constitution. His arguments are based on his assumption that jury factfinding is not permitted under the sentencing guideline statutes. Specifically, he argues that (1) the legislature did not list the allegedly affected statutes—ORS 137.671(1) and ORS 137.090(1)(c)—in the title, and (2) the legislature did not publish those allegedly affected statutes in their entirety.

As previously explained, SB 528 establishes a procedure by which a trial court may submit sentence enhancement factors to a jury. Those enhancements factors include any fact that may be constitutionally required to be submitted to a jury in order to support the imposition of an enhanced sentence. Because, under *Blakely* and *Dilts*, enhancement facts that support an upward departure from the sentencing guidelines' presumptive range fall into that category, the new

---

[6] Or Const, Art IV, § 20 ("Every Act shall embrace but one subject, and matters properly connected therewith * * *[.]").

[7] Or Const, Art IV, § 22 ("No act shall ever be revised, or amended by mere reference to its title, but the act revised, or section amended shall be set forth, and published at full length.").

procedure is available for that purpose. SB 528 also amends OEC 101 to provide that, although the evidence code generally does not apply to sentencing proceedings, the code does apply to factfinding proceedings under the new procedure established by sections 2 through 7 of the Act. Or Laws 2005, ch 463, § 8(4)(d).

SB 528 also amends the dangerous offender statutes, ORS 161.725 - 161.737, and sexually violent dangerous offender statutes, ORS 137.765 - 137.767. Those statutes previously provided that the findings needed to support enhanced sentences in those cases were to be made by the trial court during a separate post-verdict hearing. SB 528 amends those provisions to require jury factfinding to support those sentences, unless the defendant waives his or her right to a jury on the requisite facts. Or Laws 2005, ch 463, §§ 9-12.

■ ■ The relating clause of SB 528 states: "Relating to crime; creating new provisions; amending ORS 40.015, 136.280, 137.765, 137.767, 161.725 and 161.735; and declaring an emergency." Defendant contends that that title is insufficient under Article IV, section 20, of the Oregon Constitution:

> "Every Act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be expressed in the title."

That provision establishes requirements for both the body of an act and its title, requiring that the body state only one subject, and that that subject be expressed in the title. *Fugate*, 332 Or at 201; *McIntire v. Forbes*, 322 Or 426, 438, 909 P2d 846 (1996).

Specifically, defendant argues that the subject of SB 528 is not expressed in its title. Once again, his argument is based on the premise that the sentencing guidelines rules and implementing statutes preclude jury factfinding for enhanced sentences, and that SB 528 must amend those provisions in order to permit jury factfinding for that purpose. He asserts that the provisions in question, specifically—

ORS 137.671(1), OAR 213-008-0001, and ORS 137.090(1)(c)—must be amended in order to permit a trial court to empanel a jury to make findings in support of an enhanced sentence. Defendant also claims that, because the title does not state that SB 528 amends those provisions, the bill is void to the extent that it attempts to do so. We disagree.

SB 528 is not intended to, and does not, amend those provisions. SB 528 only provides a procedure that permits juries to make findings of fact on which a trial court may base its ultimate sentencing determination. The provisions, however, that require *trial courts* to determine whether there are substantial and compelling reasons that justify an enhanced sentence remain in place.

■ Defendant's related argument based on Article IV, section 22, of the Oregon Constitution fails for the same reason. Defendant contends that, to the extent that SB 528 applies to findings necessary to support an enhanced sentence, it violates that constitutional provision. As the state correctly argues, however, ORS 137.671(1) and ORS 137.090(1)(c) remain valid laws, unchanged by SB 528, and still require that a judge conclude that there are substantial and compelling reasons to support a sentence that exceeds a presumptive range. At the same time, SB 528 now provides that a jury may make the factual findings relevant to the determination of sentence.

■ Finally, citing *Wardius v. Oregon*, 412 US 470, 93 S Ct 2208, 37 L Ed 2d (1973), defendant asserts that SB 528, as written, violates the Due Process Clause. He contends that, because SB 528 creates a procedure under which a jury determines aggravating or enhancing factors, but does not do the same for mitigating factors, it is a "one-sided" rule of the type that the United States Supreme Court held to be impermissible in *Wardius*.

*Wardius*, however, does not require that every procedure relating to both a defendant and the state ensure identical rights in order to satisfy due process. Rather, *Wardius* addressed only a narrow procedural requirement that is not at issue here. In *Wardius*, the Court held that a statute may not require a defendant—who has no burden of proof at trial—to disclose certain alibi witnesses, when the

state had no comparable obligation to disclose its witnesses. *Id.* at 478-79. The holding in *Wardius*, however, did not establish a constitutional rule that a defendant and the state must be treated identically in all respects.

In our view, permitting the submission of aggravating or enhancing facts for jury determination does not provide any advantage to the state. Instead, SB 528 effectuates a criminal defendant's Sixth Amendment jury trial right. As we have previously stated, to the extent that defendant argues that he must be able to present mitigating evidence to "outweigh" the aggravating evidence offered by the prosecution, defendant is mistaken. A sentence that exceeds, or is below, a presumptive sentencing range may be based on a single factor, as long as the court concludes that the factor represents a substantial and compelling reason to impose a sentence that departs from the presumption range. Again, as described above, a jury makes the initial factual determination that a trial court may, in turn, choose to rely on to impose a sentence that exceeds the presumptive range. The court need not "weigh" departure factors against each other, nor must the court explain why it does not believe that an aggravating or mitigating factor is not substantial and compelling. To the extent that defendant is arguing that he is not permitted to counter or rebut the state's "aggravation" evidence before a jury, he is incorrect; nothing in SB 528 precludes a defendant from fully litigating any issue of fact properly before the jury.

■ Finally, defendant argued in the trial court that ORS 132.540(2) prevents any reference in an indictment to alleged "persistent involvement" in crime by listing prior convictions. ORS 132.540(2) provides:

> "The indictment shall not contain allegations that the defendant has previously been convicted of the violation of any statute which may subject the defendant to enhanced penalties, except where the conviction constitutes a *material element* of the crime charged."

(Emphasis added.) Under *Apprendi* and *Blakely*, any fact that supports an enhanced sentence is, in effect, a "material element" of the charged offense, which a criminal defendant can require the state to prove to a jury beyond a reasonable

doubt. *State v. Sawatzky*, 339 Or 689, 698, 125 P3d 722 (2005); *see Apprendi*, 530 US at 490 (establishing that any fact that increases punishment beyond statutory maximum must be proven beyond reasonable doubt to satisfaction of jury). Moreover, SB 528 now permits the pleading of an "enhancement fact" in an accusatory instrument. As a result, despite ORS 132.540(2), the indictment in this case properly makes reference to defendant's alleged prior convictions.

The trial court in this case did, as a matter of law, have the authority to submit the alleged "persistent involvement" and "vulnerable victim" enhancement factors to a jury in compliance with the constitutional jury trial right announced in *Apprendi* and *Blakely*. Consequently, the trial court's ruling that it did not have the authority to submit the alleged enhancing factors to the jury at defendant's trial was error.

Peremptory writ of mandamus to issue.