Kevin **WEAVER**, Appellant–Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 78A01–0506–CR–281.

Court of Appeals of Indiana.

April 18, 2006.

Transfer Denied June 13, 2006.

Leanna Weissmann, Lawrenceburg, for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MAY, Judge.

Kevin Weaver appeals his conviction of and sentence for sexual misconduct with a minor as a Class B felony.[1] Weaver raises two issues, which we restate as:

1. Whether he presented sufficient evidence to support his defense he reasonably believed the victim was at least sixteen years old; and

2. Whether the trial court improperly failed to consider mitigating circumstances in sentencing Weaver.

We affirm.

---

1. Ind.Code § 35–42–4–9.

## FACTS AND PROCEDURAL HISTORY

In August of 2003, fifteen-year-old E.B. and a friend visited Weaver's home. Weaver was twenty-five at the time. After E.B.'s friend left, Weaver and his wife gave E.B. marijuana and persuaded her to join them in a "threesome."[2] (Tr. at 65). Weaver had sex with E.B. The incident was reported to the county Division of Family and Children in October of 2003. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### 1. Sufficiency of Evidence.

In reviewing sufficiency of the evidence, we will affirm a conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, and without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Herron v. State*, 808 N.E.2d 172, 176 (Ind. Ct.App.2004), *trans. denied* 822 N.E.2d 968 (Ind.2004). When a conviction is based on circumstantial evidence, we will not disturb the verdict if the factfinder could reasonably infer from the evidence presented that the defendant is guilty beyond a reasonable doubt. *Id.* We need not find the circumstantial evidence overcomes every reasonable hypothesis of innocence; rather, there must merely be a reasonable inference from the evidence supporting the verdict for us to find the evidence sufficient. *Id.*

Sexual misconduct with a minor is a Class B felony when a person at least twenty-one years of age performs or submits to sexual intercourse or deviate sexual conduct with a child at least fourteen years of age but less than sixteen years of age. Ind.Code § 35–42–4–9(a). It is a defense that the accused person reasonably believed the child was at least sixteen years old at the time of the conduct. Ind. Code § 35–42–4–9(c).

A defendant's reasonable belief his victim is sixteen or older is a defense under the explicit terms of the statute. Such a defense admits all the elements of the crime but proves circumstances that excuse the defendant from culpability. *Moon v. State*, 823 N.E.2d 710, 715 (Ind. Ct.App.2005), *reh'g denied, trans. denied.* The "mistaken belief" defense in Ind.Code § 35–42–4–9 does not negate an element of the crime; rather, if believed, the defense reduces Weaver's culpability for acts he committed. *See id.* at 714. Therefore, the burden to prove the defense may properly be placed on the defendant. *Id.* The State has the burden of proving all elements of a charged crime beyond a reasonable doubt, but the burden of proving a defense may be placed on the defendant if proving the defense does not require him to negate an element of the crime. *Id.* When a defense addresses only the defendant's culpability, the defendant may be assigned the burden to prove the defense by a preponderance of evidence. *Id.* at 715.

When police first spoke to Weaver he repeatedly denied having sex with E.B.,

---

2. E.B. testified:
They they [sic] asked me if I wanted to have a threesome and I [d]on't remember my answer but I was starting to go along with it kind of and then So [sic] I wouldn't go and I changed my mind and they said "come on" and I was like "No" and then after a while I got talked into it.

(Tr. at 65–66.) The State characterizes the incident as follows: "Weaver began to harass her and she refused ... [t]he couple began to harass E.B. again ... [a]fter constant harassment, E.B. removed her clothing ...." (Br. of Appellee at 2–3.) E.B. did not describe the Weavers' actions as "harassment."

and after he admitted to having sex with her he stated he was afraid he would go to jail if anyone found out. This, the State asserts, revealed Weaver knew E.B. was not sixteen. Weaver testified E.B. told him she was sixteen, but E.B. and others testified she did not disclose her age and Weaver did not ask. Weaver testified he saw E.B. drive a car on the road where he lived, but she denied doing so. As we may not reweigh the evidence, we cannot find erroneous the trial court's conclusion Weaver did not prove his "reasonable belief" defense.

### 2. *Sentencing*

 Weaver asserts the trial court erred in sentencing him to the presumptive sentence because it failed to take into account mitigating circumstances Weaver offered. Specifically, Weaver asserts the trial court should have considered as mitigators that he had no criminal history and his incarceration would be an undue hardship on his children.

We address initially the question whether the trial court properly applied to Weaver the sentencing statutes that were in effect when Weaver was convicted but that had been amended before he was sentenced. We conclude application of the prior version of the sentencing statutes was correct.

On April 25, 2005, our legislature responded to *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied* 542 U.S. 961, 125 S.Ct. 21, 159 L.Ed.2d 851 (2004), by amending our sentencing statutes to replace "presumptive" sentences with "advisory" sentences. Under the post-*Blakely*

statutory scheme, a court may impose any sentence that is authorized by statute and permissible under the Indiana Constitution "regardless of the presence or absence of aggravating circumstances or mitigating circumstances." Ind.Code § 35–38–1–7.1(d). For purposes of felony sentencing, an "advisory sentence" is "a guideline sentence that the court may voluntarily consider[3] as the midpoint between the maximum sentence and the minimum sentence." Ind.Code § 35–50–2–1.3 (footnote added).

Weaver was sentenced after the effective date of the amendment. He acknowledges the statutory change but asserts without explanation his sentence "must be viewed as a presumptive sentence (now called an advisory sentence)." (Br. of Appellant Kevin Weaver at 6.) The State does not acknowledge the statutory change; rather, it argues a presumptive sentence was appropriate in light of the court's finding there were no aggravators or mitigators.

 Application of the amended statutes to persons convicted before the amendments took effect would, we believe, violate the constitutional protections against *ex post facto* laws. A substantive change in a penal statute is an *ex post facto* law if applied retroactively, but a procedural change is not. *Dobbert v. Florida*, 432 U.S. 282, 293, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). An amendment is "procedural in nature for purposes of the *ex post facto* doctrine, and may be applied to crimes committed before the effective date," if it "neither changes the elements of the crime nor enlarges its punishment." *Ritchie v. State*, 809 N.E.2d 258, 264 (Ind.

---

**3.** A court is required to use an advisory sentence in imposing consecutive sentences in accordance with Ind.Code § 35–50–1–2 (addressing crimes of violence) and in adding an additional fixed term to an habitual offender or to a repeat sexual offender. However, the court is not required to use the advisory sentence in imposing the sentence for the underlying offense. Ind.Code § 35–50–2–1.3.

2004), *reh'g denied, cert. denied* —— U.S. ——, 126 S.Ct. 42, 163 L.Ed.2d 76 (2005).

In *Samaniego–Hernandez v. State,* 839 N.E.2d 798 (Ind.Ct.App.2005), a panel of this court noted the amendments to the sentencing statute were made effective prior to the date of Samaniego–Hernandez's sentencing hearing. It then stated, without elaboration, "However, this change is procedural rather than substantive ... [t]herefore, we analyze this issue under the amended statute that provides for advisory rather than presumptive sentences." *Id.* at 805. Having determined the amended statute could be applied to crimes committed before the effective date of the statute, the panel found no abuse of discretion in a thirty-five-year sentence for a class A felony. *Id.* at 806.

Recent decisions from courts in other states whose legislatures have amended sentencing statutes in response to *Blakely* suggest the Indiana amendments are substantive and cannot be retroactively applied. The Arizona Supreme Court recently addressed the retroactive effect of a statutory change similar to the Indiana amendments and determined the change was not "simply procedural." *State v. Fell,* 210 Ariz. 554, 115 P.3d 594, 600 (2005). It noted initially that a statute may be applied retroactively even absent express language to that effect, if the enactment is "procedural only" and does not alter or affect earlier established substantive rights. This is because "litigants have no vested right in a given mode of procedure." *Id.*

Under the law in effect when the *Fell* defendant committed his crime, a trial court could consider only ten aggravators specified by statute in making the choice between a life and "natural life" (*i.e.,* life with no possibility of eventual release) sentence. The amended statute empowered the trial court to take into account twenty-one statutory aggravators. The trial court concluded only the original ten aggravating circumstances were relevant to its sentencing decision and the appeals court and Supreme Court affirmed. "Because the new statute thus allows the imposition of a sentence on the basis of factors that the prior law excluded from consideration [i.e., the aggravators added in the revised statute], it is plainly a substantive change in the law." *Id.* at 600.

In *Fell,* the addition of eleven new aggravating circumstances for a court to consider was a "substantive" change. *A fortiori,* the Indiana sentencing amendments, which now permit a trial court to impose any sentence authorized by a statute or the constitution *"regardless of* the presence or absence of aggravating circumstances or mitigating circumstances" cannot be merely "procedural." Those amendments allow "the imposition of a sentence on the basis of factors that the prior law excluded from consideration," *Fell,* 115 P.3d at 600, those factors being aggravators neither admitted by the defendant nor proven to a jury. The Indiana amendments therefore "alter or affect earlier established substantive rights," *id.,* specifically, a defendant's right under *Blakely* to have aggravating circumstances submitted to a jury and found beyond a reasonable doubt before a presumptive sentence is enhanced.

In *State v. Upton,* 339 Or. 673, 125 P.3d 713 (2005), the Court determined a *Blakely*-related statutory change could be applied retroactively because it did not disadvantage the defendants to whom it was applied. Oregons's new statute authorizes a court to submit to a jury any fact that is "constitutionally required to be found by a jury in order to increase the sentence that may be imposed upon conviction of a crime." *Id.* at 716. Previously, a sentencing court could impose a sentence outside

the presumptive range if it found "substantial and compelling reasons justifying a deviation from the presumptive sentence." *Id.* at 717. Under the prior statute, a sentencing court was obliged to impose the presumptive sentence unless the judge found such "substantial and compelling reasons to impose a departure." *Id.*

The Court noted the Oregon Constitution prohibited as *ex post facto* laws "retroactive alterations of evidentiary rules that make it easier for the state to obtain a conviction." *Id.* at 719. The amended statute did not have that effect:

> To the extent [the new law] changes the quantum of proof required under the sentencing guidelines, it inures to defendant's advantage to require the state to prove any enhancing factors beyond a reasonable doubt. For a statute to violate state or federal *ex post facto* clauses, the statute must at least effect some kind of disadvantageous change upon a defendant. We conclude [the new law] does not disadvantage defendant in any manner that violates the *ex post facto* clauses of either the federal or state constitutions.

*Id.* (citations omitted).

The Indiana amendments, by contrast, do appear to "effect some kind of disadvantageous change upon a defendant" to the extent they permit the imposition of a maximum sentence without any finding of aggravating circumstances by *any* factfinder—judge or jury. Accordingly, despite the statement in *Samaniego–Hernandez* to the contrary, the application of the new sentencing statutes to defendants convicted before the effective date of the amendments, but sentenced afterward, violates the prohibition against *ex post facto* laws. We accordingly find the trial court correctly treated Weaver's sentence as a "presumptive" sentence subject to being increased or decreased according to a balancing of aggravating and mitigating circumstances.

A sentence that is authorized by statute will not be revised unless it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B); *Kien v. State,* 782 N.E.2d 398, 416 (Ind.Ct.App.2003), *reh'g denied, trans. denied* 792 N.E.2d 47 (Ind.2003). Under the sentencing scheme in effect when Weaver was convicted, a sentencing court considering the appropriateness of the sentence for the crime committed was to focus initially on the presumptive sentence. *Id.* It could then consider deviation from the presumptive sentence based on a balancing of the factors it was obliged by statute to consider together with any discretionary aggravating and mitigating factors found to exist. *Id.*

 While the trial court was obliged to consider aggravating and mitigating circumstances, we cannot say it erred in finding neither and imposing the presumptive sentence.[4] The trial court

---

4. The State notes the trial court imposed the presumptive sentence of ten years and then suspended four years to probation. Therefore, the State asserts, the trial court "effectively gave Weaver a six-year sentence." (Br. of Appellee at 8.) The State's suggestion that suspension of part of a sentence "effectively" reduces the sentence and can substitute for a proper weighing of mitigating circumstances is incorrect.

Incarceration does not mean the period of executed time alone. A suspended sentence differs from an executed sentence only in that the period of incarceration is delayed unless and until a court orders the time served in prison. *Mask v. State,* 829 N.E.2d 932, 936 (Ind.2005) (*citing Beck v. State,* 790 N.E.2d 520, 523 (Ind.Ct.App.2003) (May, J., concurring in result)). Imposition of a suspended sentence leaves open the real possibility that an individual will be incarcerated for some

must consider all evidence of mitigating circumstances presented by a defendant. *Gillem v. State*, 829 N.E.2d 598, 604 (Ind. Ct.App.2005), *trans. denied.* The finding of mitigating circumstances, however, rests within the sound discretion of the trial court. *Id.* The trial court is not obliged to agree with the defendant as to the weight or value to be given proffered mitigating circumstances. *Id.* at 605.

■ A trial court must consider a defendant's criminal record during sentencing, *Sipple v. State*, 788 N.E.2d 473, 482 (Ind.Ct.App.2003), *trans. denied* 804 N.E.2d 747 (Ind.2003), and may take into account as a mitigating circumstance the defendant's lack of a history of criminal activity. *Id.* We give great deference to a court's determination of the proper weight to assign a mitigating circumstance. *Leone v. State*, 797 N.E.2d 743, 748 (Ind. 2003). Leone contended he had no "significant" prior record, but the sentencing court noted Leone had been convicted of car theft fifteen years earlier. *Id.* The court therefore "attache[d] little significance to this mitigator." *Id.* The *Leone* court noted the general rule that lack of a criminal record must be given substantial weight as a mitigator, but found it "apparent that Leone is not entitled to as much mitigating consideration on this score as someone who had no prior record at all."

Weaver's situation is similar. At his sentencing hearing Weaver admitted to a prior arrest for domestic violence involving his wife, who was also facing charges arising out of the incident with E.B. The domestic violence case had been dismissed.

Weaver also admitted at the sentencing hearing that there had been a party at his house the night before the incident. Weaver admitted he knew some of the people at the party were minors, and that all of them were drinking alcohol and smoking marijuana Weaver provided. Weaver was not charged with any offenses arising out of the party.

Weaver had no criminal record, but he admitted additional criminal acts that did not result in charges. We accordingly cannot say this is a case where the sentencing court's "failure to find a mitigating circumstance clearly supported by the record may imply the trial court overlooked the circumstance," *Gillem*, 829 N.E.2d at 604. The trial court did not err in imposing the presumptive sentence even though Weaver had no prior criminal convictions.

■ Weaver also offered as a mitigator that his incarceration would be an undue hardship on his children. The State asserts Weaver's incarceration would not result in undue hardship to his two children because "Weaver's employment history over the past two years has been sparse ... [w]ith such a bleak employment history while he was able to attend to his children, it was obvious to the trial court that his children's welfare was not of high priority." (Br. of Appellee at 8.) We decline to adopt the State's apparent premise that a child suffers "hardship" by virtue of a parent's incarceration only when that parent was steadily employed before being incarcerated.[5]

■ Still, we cannot say the sentencing court abused its broad discretion in declin-

period before being released from his penal obligation. *Id.* This occurs, for example, when probation or parole is revoked and the defendant who received probation or parole is subject to incarceration until released. In *Mask*, our Indiana Supreme Court accordingly held any period of a suspended sentence must be included when calculating the maximum aggregate sentence under Indiana Code

§ 35–50–1–2(c). We therefore decline the State's invitation to hold a ten-year sentence with four years suspended is "effectively ... a six-year sentence." Weaver received the presumptive sentence.

5. As to the State's assertion that Weaver's "bleak employment history" made it "obvious to the trial court that his children's welfare

ing to assign this mitigator significant weight. A sentencing court is not required to find a defendant's incarceration would result in undue hardship on his dependents. *Haun v. State*, 792 N.E.2d 69, 74 (Ind.Ct.App.2003). Our Indiana Supreme Court has often noted this mitigator can properly be assigned no weight when the defendant fails to show why incarceration for a particular term will cause more hardship than incarceration for a shorter term. *See, e.g., Abel v. State*, 773 N.E.2d 276, 280 (Ind.2002) (the "difference here between the presumptive or minimum sentence and the enhanced sentence 'hardly can be argued to impose much, if any, additional hardship on the child.' ... The trial court correctly declined to give this factor any mitigating weight.") (citation omitted). Weaver offered no such testimony, and we therefore cannot say the trial court abused its discretion in declining to assign weight to this mitigator.

### CONCLUSION

The jury could have correctly concluded Weaver did not prove he reasonably believed E.B. was sixteen, and the sentencing court did not abuse its discretion in declining to assign weight to the mitigating circumstances Weaver offered. We accordingly affirm Weaver's conviction and sentence.

Affirmed.

CRONE, J., and FRIEDLANDER, J., concur.

---

was not of high priority," we note the State directs us to nothing in the record to support that characterization of the trial court's reasoning. The trial court made no such explicit statement and nothing the trial court did say at sentencing indicated it felt the children's welfare was not a "high priority" for Weaver. We admonish the State to refrain from such misrepresentations of the record as this and others that have been noted throughout this opinion.