Argued and submitted January 31, 2012, reversed and remanded for
resentencing; otherwise affirmed March 13, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIE DEE ALEXANDER,
aka Willie D. Alexander,
aka William Alexander,
*Defendant-Appellant.*

Multnomah County Circuit Court
090431461; A145833

298 P3d 55

Meredith Allen, Senior Deputy Public Defender, argued
the cause for appellant. On the opening brief were Peter
Gartlan, Chief Defender, and David C. Degner, Deputy
Public Defender, Office of Public Defense Services. With her
on the reply brief was Peter Gartlan, Chief Defender.

Rolf C. Moan, Senior Assistant Attorney General, argued
the cause for respondent. With him on the brief were John R.
Kroger, Attorney General, and Mary H. Williams, Solicitor
General.

Before Armstrong, Presiding Judge, and Haselton, Chief
Judge, and Duncan, Judge.

HASELTON, C. J.

**HASELTON, C. J.**

Defendant, who was convicted of second-degree burglary, first-degree theft, and second-degree theft, contends on appeal that the trial court erred in imposing an upward durational departure sentence on the burglary conviction. In particular, he argues that, because the state failed to satisfy the notice requirements of ORS 136.765 (2009),[1] the trial court was not permitted to impose a departure sentence. As explained below, we agree with defendant, and therefore remand for resentencing.

The pertinent facts are not disputed. In May 2009, defendant was charged by indictment with the offenses on which he was ultimately convicted and sentenced. The indictment did not plead any sentence enhancement facts. The prosecutor made a pretrial offer to defendant concerning the disposition of the charged offenses, which was set out in a written form. That form included a variety of preprinted provisions, including one which read, in part, as follows:

> "6. SB-528/***Blakely*** Notice: Pursuant to the rule announced in *Blakely v. Washington*, the State hereby gives notice that <u>on all counts on all cases addressed by this PTO</u> it may seek an upward departure which exceeds the maximum presumptive sentence established by the Oregon Sentencing Guidelines. At trial, the State will seek a jury finding on the following factors supporting an upward departure:"

(Italics, boldface, and underscoring in original.) That statement was followed by a list of 17 specific sentence enhancement facts (*e.g.*, "[m]ultiple unrelated victims and/or incidents"; "[d]eliberate cruelty to victim"; "[v]ulnerable victim(s)"), plus an additional item labeled "[o]ther" with room

---

[1] ORS 136.765 (2009) provided:

"In order to rely on an enhancement fact to increase the sentence that may be imposed in a criminal proceeding, the state shall notify the defendant of its intention to rely on the enhancement fact by:

"(1) Pleading the enhancement fact in the accusatory instrument; or

"(2) Within a reasonable time after filing the accusatory instrument, providing written notice to the defendant of the enhancement fact and the state's intention to rely on it."

The statute was amended in 2011. Or Laws 2011, ch 267, § 1.

to write in another enhancement fact. Each of those 18 items had next to it a check-box.

On the form given to defendant, the numeric heading "6" was circled. However, none of the boxes was checked, nor was anything written in the "[o]ther" line.

A plea hearing was held in December 2009. The part of defendant's plea petition indicating his understanding of what the state would be recommending to the court regarding sentencing stated, "Open sentencing." At the hearing, the prosecutor stated that he intended "to have the *Blakely* enhancements be part of my argument for sentencing." Defense counsel remonstrated that

> "the State's Notice of Enhancement Factors was nonexistent. We didn't get one. What they claim is a Notice of Enhancement Factors is, in fact, not a Notice of Enhancement Factors, because none of the enhancement factors was checked."

The prosecutor replied that, because the number "6" in the provision quoted above had been circled, the state had provided defendant with sufficient notice that it might seek an upward departure based on any or all enhancement factors notwithstanding the failure to do so by way of checking any of the boxes next to the individually listed factors. The prosecutor further indicated, however, that he would only be seeking sentence enhancement based on four factors on which he had proffered proposed jury instructions.[2]

The court ruled that the state's pretrial offer form satisfied the notice requirement of ORS 136.765. Specifically, the court reasoned that, because the numeric heading "6," preceding the paragraph pertaining to sentence enhancement factors, had been circled, the state had "provid[ed] written notice to the defendant of the enhancement fact and the state's intention to rely on it." ORS 136.765(2) (2009). The court then explained to defendant that

> "the enhancement facts that they believe would enhance your sentence are four things: That you have been persistently involved in property crimes; that there were multiple victims and incident dates; that you intentionally failed

---

[2] The proffered instructions are not included in the appellate record.

to appear while awaiting trial; and that you were involved in an organized criminal operation."[3]

Defendant entered a plea of no contest.

At sentencing several months later, the prosecutor indicated that, besides the "multiple victims and incidents" aggravating factor, he wished to have the court consider as an additional aggravating factor defendant's failure to appear for the originally scheduled sentencing.

The trial court imposed an upward departure sentence on the burglary conviction, based on "a number of factors":

"The defendant has a horrible criminal history. He has multiple victims throughout his life, unrelated to the current event. He has repeated failures to appear on this case, repeated failures to appear for sentencing.

"He has 17 prior convictions in his lifetime, nine of those for felonies, most of those violent felonies. He has repeated incarcerations that have failed to deter his criminal thinking and his criminal behavior. He has had an abysmal performance on any kind of supervision. He has antisocial personality traits, as borne out in the psychological evaluation, which are characterized by his constant minimization of his actions which he has continued here today."[4]

Consequently, the court imposed an upward departure sentence of 26 months for the burglary conviction, as well as consecutive presumptive sentences for the other convictions.

On appeal, defendant asserts, first, that, because the state failed to give adequate notice of enhancement factors pursuant to ORS 136.765 (2009), the court erred in imposing any departure sentence. Alternatively, defendant argues that, even if notice was given as to some departure factors, the court, in imposing the upward departure sentence, relied on other factors that were not included in that notice.

---

[3] It appears that the trial court, in so informing defendant, may have referred to the state's proposed jury instructions.

[4] The judgment recited the same enhancement factors.

The state responds that the trial court correctly concluded that the notice was sufficient and that defendant's remaining argument concerning the actual departure factors relied on by the court was not preserved. We do not reach and resolve the parties' disputes with respect to defendant's second argument, because we agree with defendant's first contention—that is, that the state failed to give the notice of enhancement factors required by ORS 136.765 (2009).

As noted, ORS 136.765(2) (2009) requires the state, in circumstances such as these where no enhancement facts were alleged in the indictment, to provide within a reasonable time "written notice to the defendant of the enhancement fact and the state's intention to rely on it." The state contends that it provided notice sufficient to satisfy that requirement in either of two independently sufficient ways. First, the state asserts that the written pretrial offer given to defendant before he entered his plea indicated that the state "may seek" an upward departure sentence based on enhancement factors. The state acknowledges that the form contained check-boxes enumerating various enhancement factors and that none of those boxes was checked. Nevertheless, the state posits that, by circling the provision's numeric heading and failing to check *any* boxes, the state put defendant on notice that it might seek sentence enhancement based on *any or all* sentence enhancement factors. Second, the state asserts, functionally an alternative basis for affirmance, that it provided sufficient written notice by way of its proposed jury instructions pertaining to specific enhancement factors.

With respect to the state's first argument, defendant counters that a notice indicating that the state "may" seek a departure sentence, but not specifying enhancement factors on which the state intends to rely, does not comport with the requirement of ORS 136.765(2) (2009) that defendant be given notice of "*the* enhancement fact" and the state's intention to rely on "*it.*" (Emphasis added.) Defendant further contends that the state's proffered alternative basis for affirmance is not cognizable, because the record does not demonstrate that the state did, in fact, provide the jury instructions to defendant—and, if the state had timely raised its present alternative contention before the trial court, the

record as to that potentially dispositive matter might have developed differently. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001).

We agree with defendant. We reiterate the operative statutory text:

"In order to rely on *an enhancement fact* to increase the sentence that may be imposed in a criminal proceeding, the state shall notify the defendant of its intention to rely on the enhancement fact by:

"* * * * *

"(2)   Within a reasonable time after filing the accusatory instrument, providing written notice to the defendant of *the enhancement fact* and the state's intention to rely on it."

ORS 136.765 (2009) (emphasis added).

As used in the phrase, "the enhancement fact," the word "the" serves as a definite pronoun, functioning "to indicate that a following noun or noun equivalent refers to someone or something previously mentioned or clearly understood from the context or the situation." *Webster's Third New Int'l Dictionary* 2368 (unabridged ed 2002). Thus, "the enhancement fact" for purposes of subsection (2) is the same "the enhancement fact" referred to in the statute's initial sentence, which, in turn, refers ultimately to the statute's introductory clause, "In order to rely on *an* enhancement fact * * *." ORS 136.765 (2009) (emphasis added). *See also* ORS 136.760(2) (2009) (an "enhancement fact" is "a fact that is constitutionally required to be found by a jury in order to increase the sentence that may be imposed upon conviction of a crime"). Further, as a contextual matter, ORS 136.770 prescribes procedures pertaining to the determination of an enhancement fact that "relates to the offense," while ORS 136.773 addresses procedures for the determination of an enhancement fact that "relates to the defendant."

Given the statutory text in the totality of its context, it is patent that the legislature intended an "enhancement fact" to be a specific thing and not—as the state would have it—an entire constellation of unspecified possible things. Accordingly, a "notice" that the state "may" rely on any of 18 individual departure factors (including some ineffable

"[o]ther")—or any combination thereof[5]—is the functional equivalent of "That's for us to know and you to find out." It is no notice at all.

We conclude that the trial court erred in determining that the pretrial offer satisfied ORS 135.765(2) (2009).

We turn to the state's alternative rationale for affirmance. The state argues that it provided sufficient written notice of the enhancement facts on which it intended to rely, because (a) the transcript of the pretrial hearing indicates that the prosecutor had prepared proposed jury instructions identifying four potential enhancement factors, and (b) the trial court told defendant that the state could seek enhancement based on four enhancement factors. *See* 255 Or App at 596-97. The state, while acknowledging that the record does not contain the proposed jury instructions, argues that "the transcript reflects that the trial court apparently possessed a copy of the document and that it read from the document before accepting defendant's no contest plea." We agree that that is a fair reading of the transcript.

The problem with the state's argument, however, is that it equates, and conflates, providing material to *the trial court* (*viz.*, "the trial court apparently possessed a copy of the document") with the statutory requirement of "provid[ing] written notice *to the defendant.*" ORS 136.765(2) (2009) (emphasis added). Even assuming, without deciding, that providing copies of proposed jury instructions to a defendant could satisfy ORS 136.765(2) (2009), this record does not demonstrate that defendant, in fact, received such written notice. To be sure, it could be posited, as a matter of reasonable inference, that the prosecutor might have provided defense counsel with copies of the proposed instructions—but it is at that pivotal point of inference that the state's alternative argument runs afoul of the strictures of *Outdoor Media Dimensions Inc.* As the Supreme Court explained,

---

[5] In the abstract, and without accounting for the unrestrictive nature of "[o]ther," the state's position embraces at least 262,143 possible combinations of sentencing factors.

"[e]ven if the record contains evidence sufficient to support an alternative basis for affirmance, if the losing party might have created a *different* record below had the prevailing party raised that issue, and that record could affect the disposition of the issue, then we will not consider the alternative basis for affirmance."

331 Or at 660 (emphasis in original). Here, defendant might have received the proposed jury instructions—or he might not. If the state had timely raised its present alternative contention, the record on that potentially dispositive matter might well have developed differently. We therefore decline the state's proffered alternative basis for affirmance.

In sum, the notice requirement of ORS 136.765(2) is not merely a requirement that the state give written notice that it will seek an enhanced sentence. Rather, the state's written notice must specify the enhancement fact, or enhancement facts, on which it intends to rely. *Accord State v. Lafferty*, 240 Or App 564, 574-75, 247 P3d 1266 (2011) (criminal history worksheet showing the defendant's juvenile adjudication and using it to calculate criminal history, along with a letter indicating the legal basis for using a juvenile adjudication in this manner to determine criminal history, satisfied the notice requirement of ORS 136.765(2)); *State v. Wick*, 216 Or App 404, 409-10, 173 P3d 1231 (2007), *modified on recons*, 229 Or App 86, 209 P3d 857 (2009) (sentencing memorandum that "described the specific conduct that would support" imposition of an enhanced sentence satisfied notice requirement of ORS 136.765(2)).

Reversed and remanded for resentencing; otherwise affirmed.