**Jack E. PRIMMER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 79A02–0606–CR–460.**

Court of Appeals of Indiana.

Nov. 20, 2006.

Transfer Denied Jan. 18, 2007.

---

Michael B. Troemel, Lafayette, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Scott L. Barnhart, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

### Case Summary and Issues

Jack Primmer appeals his conviction and sentence for child molesting, a Class C felony, and an enhancement for being a repeat sexual offender, following his guilty plea. Primmer raises three issues, which we restate as follows: (1) whether the trial court properly denied Primmer's oral motion to withdraw his guilty plea; (2) whether the trial court properly gave no weight to Primmer's guilty plea as a mitigating circumstance; and (3) whether his sentence of eighteen years with twelve years executed is appropriate. We affirm Primmer's conviction, holding that the trial court properly accepted and maintained Primmer's guilty plea. We also hold the trial court properly gave no weight to Primmer's guilty plea. With regards to Primmer's argument that his sentence is inappropriate, we find the dispositive issue, which we raise *sua sponte*, to be whether Primmer's sentence is legal. Holding that Primmer's sentence is illegal, we reverse and remand for resentencing.

### Facts and Procedural History

On April 22, 2005, the State filed charges against Primmer for child molesting and for being a repeat sexual offender. The State later moved to add an additional charge of child molesting and a charge of obstruction of justice, a Class D felony. On February 6, 2006, the day before Primmer's jury trial was to be held, Primmer entered into a plea agreement under which he was to plead guilty to child molesting and to being a repeat sexual offender in exchange for an agreement that the executed portion of his sentence for these two charges would not exceed nine years. However, at the plea agreement hearing, the following exchange took place:

By the Court: Has anybody forced or threatened to place you or anybody else in fear to get you to plead guilty today?

By Mr. Primmer: Your Honor, uh, I believe another person was placed in fear to get me to sign the Plea Agreement, Your Honor.

By the Court: Who, who put you in fear?

By Mr. Primmer: Uh, no, it was not me that was put in fear. It was another person.

By the Court: I'm asking you, has anybody put you in fear, and you say no—

By Mr. Primmer: In a sense, yes, they have, sir.

Transcript at 97–98. The trial court then stopped the hearing and ordered that the case proceed to trial the following day. The next day, Primmer entered into another plea agreement under which he was to plead guilty to child molesting and to being a repeat sexual offender, this time in exchange for an agreement that the executed portion of his sentence would not exceed twelve years. The trial court held another plea agreement hearing, at which Primmer indicated that no one was put into fear in order to convince him to plead guilty. Primmer stated:

Yesterday was just a confusing day. It just happened all so quick. I'm sorry it had to come down to twelve years, but it was just, it happened too quick and I didn't have a chance to ... talk to my family or anything about it.

Tr. at 102. The trial court accepted Primmer's plea and scheduled a sentencing hearing.

Prior to the sentencing hearing, Primmer sent the trial court a letter indicating he had not in fact committed the crimes to which he had pled guilty. Primmer stated he pled guilty because the State had coerced the child whom Primmer was accused of molesting and the child's mother into agreeing to testify falsely against Primmer, and he did not want them to have to go through the experience of lying on the stand. At the sentencing hearing, Primmer again proclaimed his innocence stating:

"I signed the Plea Agreement because of harassment and threats made against [the mother and child] by the prosecution and the people working for her. That's why I signed the Plea Agreement, Your Honor. I did not commit this crime. I signed the Plea Agreement because my father told me to to [sic] get it over with and to keep [the mother and child] from having—pardon my expression—the hell harassed out of 'em like they have been this past year, Your Honor."

Tr. at 121. Primmer later stated, "I mean I don't, I really don't think this is fair, Your Honor, because, like I said, I didn't commit this crime," and that "I know I pled guilty, Your Honor. And I've explained why I've pled guilty." *Id.* at 123.

The trial court then sentenced Primmer to the statutory maximum of eight years for Class C felony child molesting.[1] The trial court sentenced Primmer to an additional ten years pursuant to the repeat sexual offender statute.[2] Of the aggregate eighteen-year sentence, the trial court suspended six years and ordered that Primmer serve twelve years. Primmer now appeals.

*Discussion and Decision*

I. Primmer's Guilty Plea

■ Primmer argues that the trial court should have treated his statements at the

---

**1.** Ind.Code § 35–50–2–6.

**2.** As discussed below, this sentence is not authorized under the repeat sexual offender statute. Ind.Code § 35–50–2–14.

sentencing hearing as a motion to withdraw his guilty plea and should have granted that motion. We disagree.

"After entry of a plea of guilty ... but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea of guilty ... for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea." Ind.Code § 35–35–1–4(b). Any such motion "*shall* be in writing and verified." *Id.* (emphasis added); *Marshall v. State*, 590 N.E.2d 627, 631 (Ind.Ct.App.1992), *trans. denied.* We review the trial court's ruling on such a motion for abuse of discretion. Ind.Code § 35–35–1–4(b); *Bland v. State*, 708 N.E.2d 880, 882 (Ind.Ct.App.1999). However, if the defendant shows that manifest injustice has occurred, "the court shall allow the defendant to withdraw his plea of guilty." Ind.Code § 35–35–1–4(b); *Bland*, 708 N.E.2d at 882.

We note that Primmer never stated, either in his letter or at the sentencing hearing, that he wished to withdraw his guilty plea. Instead, his statements tend to explain his motivation for entering into the plea agreement. Likewise, his argument on appeal seems to address the *voluntariness* of his plea agreement, and does not support the conclusion that he actually attempted to withdraw his guilty plea. The proper procedure to challenge the voluntariness of a guilty plea is through a petition for post-conviction relief. *Jones v. State*, 675 N.E.2d 1084, 1090 (Ind.1996) ("[T]he issue of whether defendant's guilty plea was knowing and voluntarily may not be decided by this court on direct appeal, but instead should be pursued by filing a petition for post-conviction relief."); Ind. Code § 35–35–1–4(c).

Here, Primmer never filed a motion, much less a written, verified motion, to withdraw his guilty plea. Therefore, the trial court did not abuse its discretion in not withdrawing Primmer's guilty plea before sentencing. *See Marshall*, 590 N.E.2d at 631.

## II. Sentencing

Primmer makes two arguments in seeking review of his sentence. He first argues that the trial court improperly failed to consider his guilty plea as a mitigating factor in its sentencing order. He then argues that his sentence is inappropriate in light of his character and the nature of the offense.

Because of the timing of events in this case, before addressing Primmer's sentence, we must discuss the recent change in Indiana's statutory sentencing scheme. In 2004, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), an opinion that called into question the constitutionality of Indiana's current sentencing scheme. Our legislature responded to *Blakely* by amending our sentencing statutes to replace "presumptive" sentences with "advisory" sentences, effective April 25, 2005. *Weaver v. State*, 845 N.E.2d 1066, 1070 (Ind.Ct.App.2006), *trans. denied.* Under the new advisory sentencing scheme, "a court may impose any sentence that is authorized by statute and permissible under the Indiana Constitution 'regardless of the presence or absence of aggravating circumstances or mitigating circumstances.'" *Id.* (quoting Ind. Code § 35–38–1–7.1(d)). Thus, while under the previous presumptive sentencing scheme, a sentence must be supported by *Blakely*-appropriate aggravators and mitigators, under the new advisory sentencing scheme, a trial court may impose any sentence within the proper statutory range regardless of the presence or absence of aggravators or mitigators.

There is a split on this court as to whether the advisory sentencing scheme should be applied retroactively. *Compare Settle v. State*, 709 N.E.2d 34, 35 (Ind.Ct. App.1999) (sentencing statute in effect at the time of the offense, rather than at the time of conviction or sentencing, controls) *with Weaver*, 845 N.E.2d at 1070 (concluding that application of advisory sentencing statute violates the prohibition against *ex post facto* laws if defendant was convicted before effective date of the advisory sentencing statutes but was sentenced after) *and Samaniego–Hernandez v. State*, 839 N.E.2d 798, 805 (Ind.Ct.App.2005) (concluding that change from presumptive sentences to advisory sentences is procedural rather than substantive and therefore application of advisory sentencing scheme is proper when defendant is sentenced after effective date of amendment even though offense was committed before). Our supreme court has not yet resolved this issue.

In this case, Primmer committed the crime of which he was convicted before the date the new statute took effect, but was sentenced after this date. In such situations, the retroactivity of the new sentencing scheme determines which scheme applies. However, the outcome in this case is the same regardless of which sentencing scheme is applied, and therefore we need not decide the issue of retroactivity herein. We will analyze Primmer's argument under both sentencing schemes.

### A. Primmer's Guilty Plea as a Mitigating Factor

#### 1. Primmer's Guilty Plea under the Old Sentencing Scheme

█ Under the old sentencing scheme, although the trial court had an obligation to consider all mitigating circumstances identified by a defendant, it was within the trial court's sound discretion whether to find mitigating circum-stances. *Newsome v. State*, 797 N.E.2d 293, 301 (Ind.Ct.App.2003), *trans. denied.* We will not remand for reconsideration of alleged mitigating factors that have debatable nature, weight, and significance. *Id.* However, when the trial court fails to identify a significant mitigating factor clearly supported by the record, we are left with the reasonable belief that the trial court improperly overlooked and failed to consider that mitigating circumstance. *Id.*

█ Our supreme court has held that trial courts should be "inherently aware of the fact that a guilty plea is a mitigating circumstance." *Francis v. State*, 817 N.E.2d 235, 237 n. 2 (Ind.2004). However, a guilty plea is not inherently considered a *significant* mitigating circumstance. *Id.* at 238 n. 3; *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind.1999). The significance of a guilty plea is lessened if it is made on the eve of trial and after the State has already expended significant resources. *See Gillem v. State*, 829 N.E.2d 598, 605 (Ind.Ct. App.2005), *trans. denied.* The plea's significance may also be reduced if the circumstances surrounding the plea indicate that the defendant is not actually taking responsibility for his actions. *See Sensback*, 720 N.E.2d at 1164–65. The plea may also be considered less significant if there was substantial admissible evidence of the defendant's guilt. *Scott v. State*, 840 N.E.2d 376, 383 (Ind.Ct.App.2006), *trans. denied.*

In this case, the trial court conducted two hearings to determine whether it would accept Primmer's guilty plea, and the trial court's sentencing order states: "The Court now accepts the defendant's pleas of guilty and the plea agreement filed herein." Appellant's App. at 211. Therefore, the record demonstrates that the trial court did not improperly fail to consider Primmer's guilty plea, but merely

decided that it was not a *significant* mitigating factor. Primmer pled guilty on the morning of his trial, at which point the State had already expended significant resources preparing its case. And although Primmer spared witnesses from testifying at trial, many witnesses, including the victim, had already testified at the hearing on Primmer's motion to suppress. Also, there appears to have been substantial evidence against Primmer, including a confession made by Primmer to police and a collection of hearsay statements made by the victim, both of which were deemed admissible in pre-trial hearings. Finally, despite pleading guilty, Primmer repeatedly denied having committed the crime, thereby indicating his failure to take responsibility for his actions. Based on these circumstances, we conclude that the trial court did not abuse its discretion in not finding the guilty plea to be a significant mitigating factor.[3]

### 2. Primmer's Guilty Plea under Section 35–38–1–7.1

■ Under the new sentencing scheme, a court may impose any legal sentence "regardless of the presence or absence of aggravating circumstances or mitigating circumstances." Ind.Code § 35–38–1–7.1(d). Although our supreme court has not yet interpreted this statute, its plain language seems to indicate that "a sentencing court is under no obligation to find, consider, or weigh either aggravating or mitigating circumstances." *Fuller v.*

*State*, 852 N.E.2d 22, 26 (Ind.Ct.App.2006), *trans. denied.* However, if a trial court does find, identify, and balance aggravating and mitigating factors, it must do so correctly, and we will review the sentencing statement to ensure that the trial court did so. *See* Ind.Code § 35–38–1–3 (if the court finds aggravating circumstances or mitigating circumstances, [the trial court shall include] a statement of the court's reasons for selecting the sentence that it imposes). As discussed above, the trial court acted within its discretion in finding the guilty plea insignificant and properly sentenced Primmmer under the advisory sentencing scheme.

### B. Appropriateness of Primmer's Sentence

■ Although Primmer argues that his sentence is inappropriate based on his character and the nature of the offense, we find the dispositive issue to be whether the sentence imposed by the trial court is authorized by statute.[4] *See Reffett v. State*, 844 N.E.2d 1072, 1073 (Ind.Ct.App.2006).

A person found to be a repeat sexual offender may be sentenced "to an additional fixed term that is the advisory sentence for the underlying offense."[5] Ind.Code § 35–50–2–14(e). This additional sentence may be no more than ten years. *Id.* Child molesting as a Class C felony carries an advisory sentence of four years.[6] Ind. Code § 35–50–2–6. Therefore, after find-

---

3. We note that the better practice may be to explicitly identify the guilty plea as a mitigating circumstance in the sentencing order, and state therein why the plea is not considered significant.

4. Again, statutory amendments occurred after Primmer committed the offenses but before sentencing. However, the changes to these statutes are primarily semantic and our analysis in this section is identical under either set of statutes.

5. The version of this statute that was in effect prior to April 25, 2005, used the term "presumptive" instead of "advisory."

6. The version of this statute that was in effect prior to April 25, 2005, stated that the presumptive sentence for a Class C felony was four years.

ing Primmer to be a repeat sexual offender, the trial court was required to sentence Primmer to an additional term of four years for the enhancement. Ind.Code § 35–50–2–14; *see also* Ind.Code § 35–50–2–1.3(b), (c) (court is required to use the advisory sentence of the underlying offense in imposing an additional fixed term to a repeat sexual offender); *Banks v. State*, 841 N.E.2d 654, 661 (Ind.Ct.App. 2006) (May, J., concurring in result), *trans. denied*, ("A court is required to use an advisory sentence in imposing ... an additional fixed term on ... a repeat sexual offender.").

At the sentencing hearing, the prosecutor incorrectly informed the court that the maximum penalty allowed for the repeat sexual offender enhancement was twelve years.[7] Tr. at 175. The trial court stated at the sentencing hearing that it would sentence Primmer to twelve years for the enhancement. Tr. at 207. Before the trial court issued its sentencing order, it apparently reconsidered, and instead sentenced Primmer to ten years under the enhancement. The repeat sexual offender statute authorizes neither the twelve-year sentence identified at the sentencing hearing nor the ten-year sentence actually imposed. Therefore, Primmer's sentence is illegal.[8]

■ In reversing and remanding for resentencing,[9] we note our awareness of the well-established rule that "[a] defendant 'may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence.'" *Lee v. State*, 816 N.E.2d 35, 40 (Ind.2004) (quoting *Collins v. State*, 509 N.E.2d 827, 833 (Ind. 1987)). In this case, although the State argued for, and the trial court imposed, an illegal sentence, the plea agreement itself did not call for an illegal sentence. Although the plea agreement may have been *misleading* by implying that it extended a benefit by capping the maximum portion of the sentence to be executed at twelve years, an executed sentence of twelve years is a *legal* sentence for the crime and recidivist status to which Primmer pled guilty. This case is quite different from one in which a defendant enters into an agreement knowing that his sentence is illegal, but decides that taking the illegal sentence is preferable to standing trial. Therefore, our decision does not circumvent the rule stated in *Lee* and *Collins*, and does not provide an avenue of relief to

---

**7.** The prosecutor apparently confused the repeat sexual offender statute with the habitual offender statute, where under certain circumstances, a person convicted of two prior felonies may be sentenced to an additional term of one to three times the advisory sentence of the underlying offense. Ind.Code § 35–50–2–8. Not only did the State not charge Primmer under the habitual offender statute, but also, Primmer does not have two prior unrelated felony convictions, and therefore is not, by definition, an habitual offender.

**8.** There is no evidence that the State intentionally sought an illegal sentence. However, we note our concern that, apparently, when Primmer entered his guilty plea, the State had led him to believe that he could legally be sentenced to twenty years. As the plea agreement sets the maximum executed portion of his sentence at twelve years, Primmer no doubt believed that he was receiving the benefit of having the maximum executed portion of his sentence reduced by eight years. However, this clause in the plea agreement actually guarantees only that the maximum executed sentence will be no more than the maximum total sentence that Primmer could legally receive. In other words, the clause guarantees only that Primmer will not be sentenced illegally, a guaranty that Primmer already had.

**9.** Because the trial court has already heard all the evidence necessary for it to enter a sentencing order, we remand for the trial court to issue a new sentencing order without a hearing.

defendants who plead guilty to illegal sentences in exchange for some benefit.

*Conclusion*

We hold that the trial court acted properly in not withdrawing Primmer's guilty plea prior to sentencing. We further hold that the trial court acted within its discretion in not finding Primmer's guilty plea to be a significant mitigating factor. However, because Primmer's sentence is illegal, we reverse and remand with an instruction for the trial court to issue an amended sentencing order, without a hearing, consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

SULLIVAN, J., concurs.

BARNES, J., concurs in result.