# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 31 2015, 8:56 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher M. Knight,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 31, 2015

Court of Appeals Case No.
02A03-1501-CR-29

Appeal from the Allen Superior Court

The Honorable Wendy W. Davis, Judge

Cause No. 02D04-1404-FD-426

**Baker, Judge.**

[1] Christopher M. Knight appeals the sentence imposed by the trial court after he pleaded guilty to class D felony Domestic Battery.[1] Knight argues that the trial court abused its discretion by failing to find his guilty plea to be a mitigating factor. Finding no error, we affirm.

## Facts

[2] Knight and Miranda Jones have one child together. They separated in August 2013 and had not spoken to one another until the evening of April 14, 2014. That evening, Knight was kicked out of a substance abuse rehabilitation center because he was intoxicated. Jones picked him up; her two minor children were in the backseat of the vehicle. While Jones was driving her vehicle, Knight began striking her in the head and face with a closed fist for no apparent reason, causing pain, redness, and swelling. Jones called 911. Knight continued striking her during the 911 call, so the battery can be heard on the 911 tape. Eventually, Jones stopped the car and ordered Knight to get out. He refused and she attempted to exit the vehicle. He grabbed her by the hair, pulling her back into the car, and yelled at her. He fled, but was later found and arrested by law enforcement officers.

[3] On April 18, 2014, the State charged Knight with class D felony domestic battery. On September 22, 2014, Knight pleaded guilty as charged without a

---

[1] Ind. Code § 35-42-2-1.3(b)(2). The Indiana criminal code has been substantially amended as of July 1, 2014, but we refer to and apply the version that was in effect at the time Knight committed the offense herein.

plea agreement. The trial court held a sentencing hearing on November 10, 2014, and found Knight's extensive criminal history, the fact that he committed new offenses while out on bond for the instant offense, the fact that prior rehabilitation has failed, and the facts and circumstances of the instant case as aggravating factors. The trial court also stated that "I will note as mitigating circumstances his plea of guilty; however, I don't put a lot of stock in that considering it's all on tape." Sent. Tr. p. 15. In the end, the trial court found that the aggravators outweighed the mitigating circumstance and imposed a three-year sentence. Knight now appeals.

## Discussion and Decision

Knight's sole argument on appeal is that the trial court abused its discretion by failing to find his guilty plea to be a mitigating circumstance. Sentencing is a discretionary function of the trial court, and we afford considerable deference to the trial court's judgment. *Eiler v. State*, 938 N.E.2d 1235, 1238 (Ind. Ct. App. 2010). When sentencing a defendant for a felony, the trial court must enter a sentencing statement "including reasonably detailed reasons or circumstances for imposing a particular sentence." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. We no longer review a trial court's weighing of mitigators and aggravators. *Id.* at 490-91.

Initially, we note that during the sentencing hearing, the trial court explicitly stated that it *did* find the guilty plea to be a mitigating circumstance. Sent. Tr. p. 15. It merely found that the aggravators outweighed it. As noted above, we

no longer review the way in which a trial court weighs aggravators and mitigators, so this argument is unavailing.

[6] We acknowledge, however, that the written sentencing order states that there were no mitigators. Appellant's App. p. 38. Solely for argument's sake, we will address Knight's argument that the trial court abused its discretion by failing to consider the guilty plea as a mitigator. It is well established that the significance of a guilty plea is dramatically reduced if substantial admissible evidence exists against the defendant. *Primmer v. State*, 857 N.E.2d 11, 16 (Ind. Ct. App. 2006). In this case, Knight can be heard hitting Jones during the 911 call, and his battery caused visible injuries to Jones. Given the substantial evidence of his guilt, Knight's decision to plead guilty was pragmatic. *See Wells v. State*, 836 N.E.2d 475, 479-80 (Ind. Ct. App. 2005). Consequently, we cannot say that the trial court abused its discretion in failing to find Knight's plea as a mitigator.

[7] Even if we were to find that the trial court should have found the guilty plea to be a mitigator, we would affirm. If we conclude that the trial court has abused its discretion—by, for example, neglecting to find a mitigator—we will remand for resentencing only "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491. Here, Knight's criminal history included three juvenile adjudications, twenty-six misdemeanor convictions, five felony convictions, three suspended sentence modifications, and five suspended sentence revocations. He was charged with two offenses while on bond for the instant case—public intoxication and invasion of privacy.

He failed to appear at his first scheduled sentencing hearing in this case. As for the facts and circumstances of the offense, Knight's estranged girlfriend agreed to pick him up because he was too intoxicated to attend substance abuse treatment. He began hitting her repeatedly, while she was driving, for no reason, causing her to sustain visible injuries. All of this occurred with two minor children, one of whom was his child, in the backseat of the car. We are confident that even if the trial court had found the guilty plea to be a mitigator, the aggravators would have easily outweighed it, and the same sentence would have been imposed. In any event, therefore, we affirm.

[8] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.