## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 27 2017, 10:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Brian Woodring
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian Woodring,
*Appellant-Petitioner,*

v.

State of Indiana,
*Appellee-Respondent.*

April 27, 2017

Court of Appeals Case No.
55A01-1602-PC-327

Appeal from the Morgan Superior Court

The Honorable Clark Rogers, Special Judge

Trial Court Cause No.
55D03-1110-PC-1273

**Najam, Judge.**

## Statement of the Case

Brian Woodring appeals the post-conviction court's denial of his petition for post-conviction relief. Woodring raises three issues for our review, which we consolidate and restate as two issues:

1. Whether the State breached the plea agreement regarding Woodring's Sexually Violent Predator ("SVP") status and his parole.

2. Whether his sentence is illegal.

We affirm.

## Facts and Procedural History

On June 17, 2010, Woodring pleaded guilty to child molesting, as a Class C felony; and obscene performance, as a Class D felony; and he admitted to being a repeat sexual offender. The plea agreement provided that the trial court would sentence Woodring to consecutive sentences of eight years, with seven and one-half years executed and six months on non-reporting probation for child molesting; three years executed for obscene performance; and a ten-year enhancement for being a repeat sexual offender. Woodring's plea agreement stated that the aggregate twenty-one-year sentence would run consecutive to his sentences stemming from convictions in Johnson County.

On October 6, 2011, Woodring filed a petition for post-conviction relief, which he amended on June 4, 2015. In his amended petition, Woodring alleged in relevant part that the State had breached the plea agreement and that his

sentence was illegal. Following a hearing, the court denied the petition. This appeal ensued.

# Discussion and Decision

## *Standard of Review*

Woodring appeals the post-conviction court's denial of his petition for post-conviction relief. Our standard of review is clear:

> The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004) (citations omitted). When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993). Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (internal quotation omitted).

*Campbell v. State*, 19 N.E.3d 271, 273-74 (Ind. 2014) (alteration original to *Campbell*).

## Issue One:  Breach of Plea Agreement

[6]     Woodring contends that the State breached the plea agreement when it did not make certain that the trial court's sentencing order and abstract of judgment included statements that he was not an SVP and that he would not be placed on parole because he "is required to leave the country."  Appellant's Br. at 20.  The post-conviction court concluded that Woodring's allegations did "not fall into any of the categories enumerated" in Post-Conviction Rule 1.  Appellant's App. Vol. III at 103.  On appeal, while Woodring states that it is "well established [he] may bring a breach of agreement [claim] under [Indiana Post-Conviction Rule] 1," he does not direct us to any authority in support of that contention. *Id.* at 11.

[7]     As this court has held,

> the question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs.  *K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006); *see also M.B. v. State*, 815 N.E.2d 210, 214 (Ind. Ct. App. 2004).  The only inquiry relevant to a determination of whether the post-conviction court had subject matter jurisdiction is whether the kind of claim advanced by a petitioner in the post-conviction court falls within the general scope of authority conferred upon that court by constitution or statute.  *In re K.B.*, 793 N.E.2d 1191, 1199 n.6 (Ind. Ct. App. 2003).  Moreover, subject matter jurisdiction cannot be waived and courts are required to consider the issue *sua sponte* if it is not properly raised by the party challenging jurisdiction.  *See Stewart v. Kingsley Terrace Church of Christ, Inc.*, 767 N.E.2d 542, 544 (Ind. Ct. App. 2002); *see also B.D.T. v. State*, 738 N.E.2d 1066, 1068 (Ind. Ct. App. 2000).

Post-conviction relief is a product of the Indiana Supreme Court and is, therefore, entirely defined in scope by the post-conviction rules it has adopted. *Samuels v. State*, 849 N.E.2d 689, 691 (Ind. Ct. App. 2006). Indiana Post-Conviction Rule 1(1)(a) provides that post-conviction relief is only available if the petitioner claims:

> (1) that the conviction or sentence was in violation of the Constitution of the United States or the constitution or laws of this State;
>
> (2) that the court was without jurisdiction to impose sentence;
>
> (3) that the sentence exceeds the maximum authorized by law, or is otherwise erroneous;
>
> (4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
>
> (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;
>
> (6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy[.]

*Members v. State*, 851 N.E.2d 979, 981-82 (Ind. Ct. App. 2006).

[8] On appeal, Woodring does not identify the subsection of Post-Conviction Rule 1 that applies to his breach of plea agreement claims. And Woodring does not ask that his plea be set aside. *See State v. Oney*, 993 N.E.2d 157, 161 (Ind. 2013) (stating motion to set aside guilty plea is treated as a petition for post-conviction relief). Rather, Woodring requests only that we order the trial court to correct the sentencing order and abstract of judgment to reflect both that he is not an SVP[1] and that he is required to leave the country. We hold that the post-conviction court did not have subject matter jurisdiction to consider Woodring's breach of plea agreement claims, and we do not address them here. *See Members*, 851 N.E.2d at 981-82.

### Issue Two: Illegal Sentence

[9] Woodring also contends that his sentence is illegal. In particular, Woodring maintains that, under Indiana Code Section 35-50-2-14(e), the enhancement for his repeat sexual offender status was limited to a maximum of four years. Thus, he asserts that the ten-year enhancement included in his plea agreement is illegal and cannot stand. Assuming for the purposes of this appeal that his sentence is illegal, the post-conviction court correctly declined to revise Woodring's sentence.

---

[1] Woodring concedes that he is an SVP by operation of Indiana Code Section 35-38-1-7.5. Assuming he is correct, we note that changes to the sentencing order and abstract of judgment would not affect his SVP status. *See, e.g.*, *Stockert v. State*, 44 N.E.3d 78, 82 (Ind. Ct. App. 2015) (holding that, in light of defendant's SVP status by operation of law, neither plea agreement nor trial court could alter lifetime reporting period for SVPs), *trans. denied*.

[10]     Woodring acknowledges that "a defendant may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence." Appellant's Br. at 21-22 (quoting *Lee v. State*, 816 N.E.2d 35, 40 (Ind. 2004)). But Woodring contends that, because he did not know that the sentence was illegal when he entered into the plea agreement and thought that the ten-year enhancement was mandatory, we must reverse. In support of that contention, Woodring cites to this court's vacated opinion in *Russell v. State*, 11 N.E.3d 938 (Ind. Ct. App. 2014), and our opinion in *Primmer v. State*, 857 N.E.2d 11 (Ind. Ct. App. 2006), *trans. denied*.

[11]     First, not only was *Russell* vacated, but our supreme court's opinion on transfer does not support Woodring's contention on this issue. *See Russell v. State*, 34 N.E.3d 1223, 1228 (Ind. 2015). Second, *Primmer* likewise does not support Woodring's contention. In *Primmer*, "although the State argued for, and the trial court imposed, an illegal sentence, *the plea agreement itself did not call for an illegal sentence*." 857 N.E.2d at 18 (emphasis added). Here, Woodring agreed to the ten-year enhancement in his plea agreement, and he has benefited as a result of the illegal sentence.[2]

[12]     Further, Woodring makes no claim that his guilty plea should be set aside. Rather, Woodring asks that we reduce his sentence. By agreeing to plead guilty to the C and D felonies in exchange for the State's dismissal of an A felony,

---

[2] In exchange for his plea, the State dismissed a Class A felony child molesting charge.

Woodring reduced his penal exposure by decades. *See Lee*, 816 N.E.2d at 39-40. Woodring does not contend that he would have taken his chances and gone to trial had he known that his sentence was illegal. *See id.* at 40. The post-conviction court did not err when it denied his petition on this issue.

[13] Affirmed.

Riley, J., and Bradford, J., concur.