## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 19 2017, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Javonta Pointer,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 19, 2017<br><br>Court of Appeals Case No.<br>45A03-1612-CR-2831<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Diane Ross Boswell<br><br>Trial Court Cause No.<br>45G03-1301-MR-1 |

**Bailey, Judge.**

# Case Summary

[1] Javonta Pointer ("Pointer") appeals the twenty-five-year sentence imposed following his plea of guilty to Burglary, as a Class A felony.[1]  We affirm.

# Issues

[2] Pointer presents three issues for review:

    I.      Whether the trial court abused its discretion by excluding a character witness;

    II.     Whether the trial court abused its sentencing discretion in the finding of mitigating and aggravating circumstances; and

    III.    Whether the twenty-five-year sentence is inappropriate.

# Facts and Procedural History

[3] On October 19, 2012, Jerry Hood ("Hood") and Mark Scott ("Scott") went to Hood's home in Gary to take a lunch break.  From outside, Hood and Scott noticed that there was a broken window.  A man dressed in black and wearing a ski mask was looking down on them from an upstairs window.  Scott called 9-1-1 and went to the front door.  Hood went to the back door.

---

[1] Ind. Code § 35-43-2-1.

[4] Scott met Pointer at the front door and, pretending to have a gun, told Pointer to put his hands up. Pointer complied. Scott heard gunshots and ran around to the back door. There, he discovered that Pointer's accomplice had fatally shot Hood. Pointer's accomplice pointed a handgun at Scott, and Scott ran around the house to await police.

[5] Pointer and his accomplice fled. Pointer was later arrested in Indianapolis and asked for protection because he had heard there was a plot to kill him so that he could not identify Hood's shooter.

[6] Pointer was initially charged with Felony Murder. He was later charged with Burglary and Attempted Burglary. On September 2, 2016, Pointer pled guilty to Burglary, as a Class A felony. Pursuant to Pointer's plea bargain with the State, his sentence was to be capped at twenty-five years. On November 14, 2016, the trial court conducted a sentencing hearing. Pointer was sentenced to twenty-five years of imprisonment. He now appeals.

# Discussion and Decision

## Exclusion of Character Witness

[7] At the sentencing hearing, the State read a letter from Hood's orphaned daughter and called Hood's niece to testify. Pointer called his aunt and his girlfriend's mother to testify; each testified as to Pointer's positive character traits. Although Pointer sought to call a third character witness, the trial court excluded that witness, on grounds that the State had only two and Pointer

should have only two. However, Pointer was permitted to make an offer of proof, that is, the witness would have testified that Pointer was a good kid not involved in drugs.

[8] Pointer makes a cursory argument that "the trial court's imposition of a limitation is contrary to the sentencing statute and his rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1 § 12 of the Indiana Constitution." Appellant's Brief at 10. He does not develop a specific argument on either statutory or constitutional grounds, but directs our attention to *Wilson v. State*, 865 N.E.2d 1024, 1029 (Ind. Ct. App. 2007) for the proposition that "refusal to admit evidence presented on a defendant's behalf through the testimony of others at a sentencing hearing has been determined to violate the Indiana sentencing statute and the defendant's federal due process rights." Appellant's Brief at 10.

[9] In *Wilson*, the trial court denied the convicted person the opportunity to present personal information such as family history, employment history, and mental health history, because he had not cooperated with a probation officer in the compilation of a presentence investigation report. 865 N.E.2d at 1028. Wilson's counsel objected that the exclusion amounted to a denial of due process rights. On appeal, Wilson argued that he had been deprived of due process and that the trial court had violated Indiana Code Section 35-38-1-3, which stated in relevant part: "The [convicted] person is entitled to subpoena and call witnesses and to present information in his own behalf." This Court found a violation of Wilson's statutory and due process rights, conducted a

harmless error analysis and concluded that the error was not harmless, vacated the sentence, and remanded for a sentencing hearing at which Wilson could call witnesses on his own behalf. *Id.* at 1029-30.

[10] There, Wilson had been unable to call any witness to offer testimony as to the entire category of his personal information. Thus, he was prevented from offering evidence on his own behalf relative to his character, a crucial sentencing consideration. Here, by contrast, Pointer was permitted to elicit testimony from his character witnesses. He was simply not permitted to call a third witness to offer cumulative testimony that Pointer is a person of good character. Although it may have been a better practice to allow the third witness, we are not persuaded that Pointer's substantial rights were affected. *See Ind. Trial Rule* 61 (error is harmless and not grounds for vacating a judgment or order unless the refusal to take such action appears inconsistent with substantial justice).

## Abuse of Discretion – Aggravators and Mitigators

[11] Indiana Code Section 35-50-2-4 provides that a person convicted of a Class A felony faces a sentencing range of twenty to fifty years, with the advisory sentence being thirty years. Pointer received a sentence of five years less than the advisory sentence. In imposing this sentence, the trial court found no mitigators and found as aggravators Pointer's criminal history and drug use.

[12] Sentencing decisions are within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d

218. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. *Id.* at 490-91. The reasons or omissions of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. *Id.* at 491. The weight given to those reasons, i.e., to particular aggravators or mitigators, is not subject to appellate review. *Id.*

[13] Pointer complains that the trial court found no mitigating circumstances although he pled guilty and expressed remorse, he had no adult criminal history and he was only eighteen years old. We do not remand for reconsideration of alleged mitigating factors that have debatable nature, weight, and significance. *Primmer v. State*, 857 N.E.2d 11, 16 (Ind. Ct. App. 2006), *trans. denied*.

[14] Pointer pled guilty. A guilty plea saves significant court resources, and when the State reaps a substantial benefit from the defendant's guilty plea, the defendant deserves to have a substantial benefit returned. *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind. 1999). However, a trial court does not abuse its discretion by not finding a guilty plea as a mitigating factor when a defendant receives substantial benefits for pleading guilty. *Id.* Here, in exchange for Pointer's plea, the State moved to dismiss a charge of murder. Also, Pointer's

sentence was capped at twenty-five years, which is five years less than the advisory sentence for a Class A felony. As such, Pointer received a substantial benefit for pleading guilty. Together with accepting responsibility by pleading guilty, remorse can be a significant mitigating factor. *See Hope v. State*, 834 N.E.2d 713, 718 (Ind. Ct. App. 2005). Here, however, Pointer did not argue to the trial court that his remorse was a mitigating factor.

[15] As for Pointer's lack of an adult criminal history, he had just turned eighteen and he had juvenile adjudications. The trial court was not required to find that Pointer had led a law-abiding life. Nor was the trial court obliged to find that his youthfulness was a mitigating factor. *See Monegan v. State*, 756 N.E.2d 499, 504 (Ind. 2001) (age is neither a statutory nor or a per se mitigating factor).

[16] To the extent that Pointer argues that the aggravating circumstances are improper because they lack evidentiary support, we disagree. Pointer had a history of juvenile adjudications and he admitted in the presentence investigation process that he had used marijuana daily and did so until his arrest. Pointer has shown no abuse of the trial court's sentencing discretion.

## Inappropriateness

[17] Under Indiana Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the

culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. *Id.* at 1225.

[18] When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision, but we accord due consideration to that decision, recognizing the unique perspective of the trial court. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Accordingly, a defendant '"must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review."' *Anglemyer*, 868 N.E.2d at 494 (quoting *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

[19] As for the nature of the offense, Pointer and an accomplice burglarized Hood's home and Hood was shot dead. As to the character of the offender, Pointer pled guilty, something which reflects favorably upon his character. Although Pointer ultimately identified his accomplice, he did not do so until after his arrest and his self-reported fear of a death threat. He had been adjudicated delinquent for operating a vehicle without a license and possessing marijuana.

[20] Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B).

# Conclusion

[21] Pointer has not shown an abuse of the trial court's sentencing discretion. Pointer's twenty-five-year sentence is not inappropriate.

[22] Affirmed.

Vaidik, C.J., and Robb, J., concur.