## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 08 2018, 8:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Tyler G. Banks
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Moffatt,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 8, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1424<br><br>Appeal from the<br>Tippecanoe Superior Court<br><br>The Honorable<br>Steven P. Meyer, Judge<br><br>Trial Court Cause No.<br>79D02-1802-F4-3 |

**Kirsch, Judge.**

[1] Michael Moffatt ("Moffatt") pleaded guilty to Level 4 felony unlawful possession of a firearm by a serious violent felon ("SVF").[1] On appeal, he challenges his sentence, raising the following restated issue: whether Moffatt's six-year advisory sentence is inappropriate in light of the nature of the offense and Moffatt's character.

[2] We affirm.

## Facts and Procedural History

[3] On or about January 16, 2004, Moffatt was convicted of Class C felony robbery in Tippecanoe County. *Tr. Vol. 2* at 13. He was designated an SVF and forbidden from possessing a firearm. *Id.* at 13, 17.

[4] In mid-February 2018, Moffatt, his wife, Autumn, and their two children began living in an Economy Inn in Lafayette, Indiana. *Id.* at 13-14, 24. Even though he knew he was not allowed to have a firearm, Moffatt possessed a pellet gun, which he openly carried for protection. *Id.* at 14, 25-26. During this time, Moffatt and Autumn regularly used methamphetamine and drank alcohol in front of their children. *Id.* at 29-30, 33-35.

[5] On the Moffatts' first night in the hotel, someone attempted to break into their room. *Id.* at 25. Autumn called the police, and a day or two later, she bought a

---

[1] *See* Ind. Code § 35-47-4-5(c).

.380 handgun. *Id.* at 25-27. At no point did Moffatt use or carry the handgun. *Id.* at 16-17.

[6] On February 22, 2018, local police and Department of Child Services employees visited Moffatt's hotel room for a "well-being check." *Id.* at 15. The officers asked Moffatt if there was anything in the room that they should know about, and Moffatt alerted them to both the .380 handgun and the pellet gun, which were stowed on either a shelf or luggage rack. *Appellant's App. Vol. 2* at 8; *Tr. Vol. 2* at 15-16, 28-29. The handgun was not loaded, but it had a loaded clip lying next to it. *Tr. Vol. 2* at 16. The handgun was not within reach of the children, and it was never in the actual possession of Moffatt. *Id.* at 16-17, 28.

[7] On February 23, 2018, Moffatt was charged with Level 4 felony unlawful possession of a firearm by an SVF. *Appellant's App. Vol. 2* at 7. On April 25, 2016, Moffatt pleaded guilty as charged without the benefit of a plea agreement. *Tr. Vol. 2* at 4, 12. In doing so, he admitted he constructively possessed the handgun. *Id*. at 16-17.

[8] At the May 21, 2018 sentencing hearing, the trial court cited Moffatt's criminal history, his three prior probation violations, and his unsatisfactory discharge from probation as aggravating circumstances. *Appellant's App. Vol. 2* at 30; *Tr. Vol. 2* at 45-46. As mitigating factors, it found that Moffatt pleaded guilty without the benefit of a plea agreement; that he cooperated with police when he was arrested; that he has accepted responsibility for his actions; and that he suffers from mental health and substance abuse issues, although he has not fully

exploited treatment options that had been offered to him. *Appellant's App. Vol. 2 at 31; Tr. Vol. 2 at 44-46.* The trial court concluded that the aggravating factors and mitigating factors were in equipoise and sentenced Moffatt to six years, the advisory sentence for a Level 4 felony, with four years executed in the Department of Correction and two years suspended to supervised probation. *Appellant's App. Vol. 2 at 5, 31, 39; Tr. Vol. 2 at 46-47.* Moffatt now appeals.

## Discussion and Decision

[9] Under Indiana Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence inappropriate considering the nature of the offense and the character of the offender. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). We consider not only the aggravators and mitigators found by the trial court but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). We defer to the trial court's decision, and our goal is to determine whether the appellant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). When we review a sentence, we seek to leaven the outliers, not to achieve a perceived correct result. *Cardwell*, 895 N.E.2d 1219, 1225 (Ind. 2008).

### Nature of Offense

[10] When considering the nature of the offense, the advisory sentence is the starting point in our analysis. *Holloway v. State*, 950 N.E.2d 803, 806 (Ind. Ct. App. 2011); *Anglemyer*, 868 N.E.2d at 494. A Level 4 felony carries an advisory sentence of six years, with a range of two to twelve years. Ind. Code § 35-50-2-5.5. A reviewing court is "unlikely to consider an advisory sentence inappropriate." *Shelby v. State*, 986 N.E.2d 345, 371 (Ind. Ct. App. 2013), *trans. denied.* A defendant carries a "particularly heavy burden" to show that his advisory sentence is inappropriate. *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied*.

[11] Relying on *Johnson*, 986 N.E.2d at 856, Moffatt argues that his sentence is inappropriate because his offense was significantly less egregious than the "typical" offense of unlawful possession of a firearm by an SVF. In support, he recites the following facts: 1) he possessed only a single firearm[2] and did so for less than one week; 2) he did not buy the handgun; Autumn bought it for home protection after their residence was burglarized; 3) he never handled the handgun and did not use it to commit a crime; and 4) he cooperated with the officers who came to the residence by alerting them to the presence of the handgun. *See Appellant's Br.* at 8.

---

[2] Moffatt actually possessed two firearms: 1) the .380 handgun (through constructive possession); and 2) the pellet gun, which, under Indiana Code section 35-47-1-5, is a firearm.

[12] However, the "less egregious" analysis from *Johnson* does not apply here. In *Johnson*, the trial court imposed a sentence greater than the advisory sentence, unlike the six-year advisory sentence the trial court imposed here. The *Johnson* court noted, "One factor we consider when determining the appropriateness of a *deviation* from the advisory sentence is whether there is anything egregious about the offense committed by the defendant that makes it different from the "typical" offense . . . . *Id.* at 856 (emphasis added). Thus, because the trial court here imposed the advisory sentence, *Johnson* has no bearing on whether Moffatt's sentence is inappropriate.

[13] Beyond the inapplicability of *Johnson*, several factors regarding the nature of Moffatt's offense show that his sentence is not inappropriate. Moffatt did not hide the handgun from the children but left it on a rack and left an ammunition clip next the handgun. *Appellant's App. Vol. 2* at 8; *Tr. Vol. 2* at 16. Moffatt also regularly carried a pellet gun. *Id.* at 14, 25-26. Thus, the nature of Moffatt's offense shows that his sentence is not inappropriate.

### Character of Offender

[14] Moffatt contends his sentence is inappropriate in light of his character. He contends that by pleading guilty without the benefit of a plea agreement, he has accepted his responsibility for his offense. He also notes that before he was sentenced, he participated in classes to pursue his high school equivalency. *Tr. Vol. 2* at 32-33. He also points to his mental illnesses, which include post-traumatic stress disorder, ADHD, manic depression, and paranoid schizophrenia. *Id.* at 5-6, 31. He claims that his untreated mental illness

exacerbates his drug and alcohol problems and contributed to his poor decision-making. *See Wampler v State*, 67 N.E.2d 633, 634-35 (Ind. 2017) (recognizing the defendant's untreated mental health issues and revising sentencing under Appellate Rule 7(B)).

[15] Moffatt concedes that his criminal history "is a strike against him." *Appellant's Br.* at 9. Nonetheless, he argues that despite this history, his six-year advisory sentence is inappropriate. First, be contends that his lone prior felony conviction, the 2004 robbery conviction that made him an SVF, should not be used as an aggravator because that conviction was the basis of his SVF status. Moffatt contends that, as such, the 2004 robbery conviction was an element of the instant offense for unlawful possession of a firearm by an SVF. Citing *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind. 2000), he claims that as an element of his instant offense, the 2004 robbery conviction cannot be used as an aggravating factor for this offense.[3] Second, even if *Spears* does not apply, Moffatt argues that the felony conviction should not carry great weight because that conviction occurred fourteen years ago. As to his many misdemeanor convictions, Moffatt downplays those offenses by claiming that most of those

---

[3] In so arguing, Moffatt is impliedly arguing that the trial court abused its discretion in imposing the advisory sentence, but nowhere in his brief does Moffatt explicitly raise a separate abuse-of-discretion argument, as he should, because such an argument is analyzed separately from argument that a sentence is inappropriate. "As our Supreme Court has made clear, inappropriate sentence and abuse of discretion claims are to be analyzed separately. *See Anglemyer v. State,* 868 N.E.2d 482, 491 (Ind.2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind.2007)." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008).

convictions were for non-violent offenses, such as public intoxication and minor consumption. *Appellant's Conf. App. Vol. 2* at 48-49.

[16] We reject Moffatt's attempt to minimize the severity of his significant criminal record. Even without considering his 2004 felony robbery conviction, we find Moffatt's substantial criminal history is a firm basis for finding that his advisory sentence is not inappropriate. That criminal record shows that as a juvenile, Moffatt was adjudicated delinquent for what would have been Class D felony theft and possession of a firearm, and he was often arrested, for offenses such as alcohol-related crimes, trafficking with an inmate, disorderly conduct, and resisting law enforcement. *Id.* at 46-48. As an adult, Moffatt has been convicted of, *inter alia*, Class C felony robbery, resisting law enforcement, public intoxication (three times), and disorderly conduct. *Id.* Moffatt's probation has been revoked three times, and he is at a high risk to reoffend. *Id.* at 53. Moffatt's criminal record shows that his six-year advisory sentence is not inappropriate.

[17] We also reject Moffatt's attempt to minimize his drug and alcohol problems. Moffatt has been abusing alcohol for twenty-four years. *Id.* at 52-53. He has used marijuana, synthetic marijuana, cocaine, methamphetamine, mushrooms, ecstasy, and Lortab. *Id.* His substance abuse continues despite participating in numerous substance abuse treatment programs. *Id.* at 53; *Tr. Vol. 2* at 30-31, 34. When a defendant is aware of a substance abuse problem but has not taken steps to treat it, the trial court can determine that the addiction is an aggravating circumstance. *See Bryant v. State*, 802 N.E.2d 486, 501 (Ind. Ct. App. 2004).

Further, Moffatt and Autumn regularly abused methamphetamine and alcohol in front of their children. *Tr. Vol. 2* at 29-30, 33-35. The children tested positive for both methamphetamine and THC. *Appellant's Conf. App. Vol. 2* at 51. Thus, as with his criminal history, Moffatt's history of substance abuse shows that his sentence is not inappropriate.

[18] Finally, we are unpersuaded that Moffatt's sentence is inappropriate because he accepted responsibility for his crime by pleading guilty. "[T]he significance of a guilty plea as a mitigating factor varies from case to case." *Anglemyer*, 875 N.E.2d at 221. Because of the compelling evidence of Moffatt's guilt, his plea was arguably "more likely the result of pragmatism than acceptance of responsibility and remorse." *Mull v. State,* 770 N.E.2d 308, 314 (Ind. 2002) (citations omitted); *see also Primmer v. State,* 857 N.E.2d 11, 16 (Ind. Ct. App. 2006), *trans. denied*.

[19] In sum, Moffatt has not satisfied the "particularly heavy burden" to show that his six-year advisory sentence is inappropriate. *See Fernbach*, 954 N.E.2d at 1089.

[20] Affirmed.

Vaidik, C.J., and Riley, J., concur.