## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 12 2019, 10:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Joe Bott,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 12, 2019

Court of Appeals Case No.
18A-CR-2455

Appeal from the Madison Circuit Court

The Honorable Thomas Newman, Jr., Judge

Trial Court Cause No.
48C03-1301-FC-212

**Baker, Judge.**

[1] David Bott appeals the sentence imposed by the trial court after he pleaded guilty to Class C Felony Robbery and Class A Misdemeanor Resisting Law Enforcement. Bott argues that the trial court erred by declining to find his guilty plea to be a mitigator and that the sentence is inappropriate in light of the nature of the offenses and his character. Finding no error and that the sentence is not inappropriate, we affirm.

## Facts

[2] Around midnight on January 27, 2013, David Bott entered a Village Pantry store in Anderson. He approached the cashier and said, "I won't hurt you, but give me all the money out of the register." Appellant's App. Vol. II p. 22. He kept his hands in his pockets, moving one of the pockets around while giving the cashier orders, leading the cashier to believe that he had a gun. Bott collected $200 from the register and left the store, instructing the cashier not to move or call anyone. The cashier recognized him because he had entered the store earlier that day.

[3] At some point, the police were notified and located a vehicle matching the description of Bott's vehicle. Bott attempted to evade the police but was eventually forced to stop. He exited the vehicle, threw the money into the air, and fled on foot. A police officer K-9 unit was deployed and apprehended Bott; the cashier later identified Bott as the robber in a photo array.

[4] On January 28, 2013, the State charged Bott with Class C felony robbery and Class A misdemeanor resisting law enforcement. After multiple failures to

appear, continuances, and firing and rehiring of defense counsel, Bott requested a jury trial. On August 11, 2016, the morning of his jury trial, Bott pleaded guilty without a plea agreement after seeing a surveillance video of the events for the first time and learning that it would be played for the jury. On August 22, 2016, the trial court sentenced Bott to concurrent terms of eight years for robbery and one year for resisting law enforcement. Bott now appeals.

## Discussion and Decision

[5] Bott first argues that the trial court should have considered his guilty plea to be a mitigating factor. Sentencing is a discretionary function of the trial court, and we afford considerable deference to the trial court's judgment. *Eiler v. State*, 938 N.E.2d 1235, 1238 (Ind. Ct. App. 2010). When sentencing a defendant for a felony, the trial court must enter a sentencing statement "including reasonably detailed reasons or circumstances for imposing a particular sentence." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. We no longer review a trial court's weighing of mitigators and aggravators. *Id.* at 490-91.

[6] Initially, we note that while Bott pleaded guilty without the benefit of a plea agreement, he waited to do so until the morning of his jury trial. Therefore, no one was saved the cost and time of preparing for the trial and scheduling the jury.

[7] Furthermore, it is well established that the significance of a guilty plea is dramatically reduced if there is substantial incriminating, admissible evidence.

*Primmer v. State*, 857 N.E.2d 11, 16 (Ind. Ct. App. 2006). Here, the convenience store cashier recognized Bott because he had come into the same store earlier that day. She positively identified him from a photo array and his vehicle matched the description of the vehicle leaving the scene of the robbery. Moreover, it was only after learning that there was a surveillance video capturing the robbery that would be played for the jury that Bott decided to plead guilty. Given all of this incriminating evidence, it is apparent that his decision to plead guilty was merely pragmatic. *Wells v. State*, 836 N.E.2d 475, 479-80 (Ind. Ct. App. 2005). Under these circumstances, we cannot say that the trial court erred by declining to find this to be a mitigating factor.[1]

[8] Next, Bott argues that the sentence is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

---

[1] Furthermore, given Bott's lengthy criminal history, we are confident that even if the trial court had found his guilty plea to be a mitigator it would have imposed the same sentence. *See Anglemyer*, 868 N.E.2d at 491 (noting that we will remand for resentencing only if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons with support in the record).

[9] For a Class C felony conviction, Bott faced a sentence of two to eight years imprisonment, with an advisory term of four years. Ind. Code § 35-50-2-6(a) (2013). The trial court imposed a maximum eight-year term. For the Class A misdemeanor conviction, Bott received the maximum one-year term, to be served concurrently with the eight-year sentence. I.C. § 35-50-3-2.

[10] The nature of the offenses is relatively unremarkable. Bott robbed a convenience store and fled from police when they tried to apprehend him. While the store clerk was traumatized as a result of the incident, we see nothing particularly egregious in these offenses.

[11] The nature of Bott's character, however, is a different story. As a juvenile, he was arrested three times; as an adult, he has been arrested fourteen times. He has been convicted of maintaining a common nuisance, possession of paraphernalia, domestic battery, battery, intimidation, criminal recklessness, robbery, theft, resisting law enforcement, operating while intoxicated, public intoxication, and illegal consumption. This is his *third* robbery conviction. He has had probation revoked, has absconded from work release, and has failed to appear in court on multiple occasions. He was assessed as a high risk to re-offend. Given this history, we find that the eight-year sentence imposed by the trial court is not inappropriate.

[12] The judgment of the trial court is affirmed.

May, J., and Tavitas, J., concur.